CARROLL, DONALD K., Chief Judge.
The appellees have moved to dismiss this appeal on the ground that it was not timely filed.
The pertinent timetable is as follows: The final decree was entered by the Circuit Court on January 22, 1962, and the order denying the appellant’s motion for a rehearing was entered by that court on February 16, 1962. The date on which the appellant filed his notice of appeal from the final decree and the order denying the rehearing is uncertain but the appellees contend that the notice was filed on March 28, 1962, or 66 days after the final decree was entered, although it is established that a copy of the notice was served on the counsel for the appellees on March 27th and a copy filed in this court on March 29th.
Rule 3.2(b) and the last sentence in the definition of “rendition” in Rule 1.3 of the Florida Appellate Rules, 31 F.S.A. must be read “in pari materia.”
Rule 3.2(b) reads:
“b. Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules.”
The mentioned definition is as follows:
“ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
Applying these clear, unequivocal rules, we hold that the final decree was not “rendered” until February 16, 1962, and that the notice of appeal was filed approximately 42 days later, well within the period prescribed in the rule. Motion denied.
STURGIS and RAWLS, JJ., concur.