BARKDULL, Judge.
The appellees have moved to dismiss this appeal, contending that the notice of appeal was untimely filed.
The record reveals that the case was tried non-jury and a verdict was rendered on April 25, 1962; a motion for new trial was served on opposing counsel on May 4, 1962, but was not filed until May 10, 1962; the notice of appeal was filed on July 12, 1962. It is the contention of the appellees that the appeal was untimely filed, being 72 days after the entry of the final judgment and, therefore, should be dismissed under the authority of State ex rel. Diamond Berk Insurance Agency v. Carroll, Fla.1958, 102 So.2d 129; Albert v. Carey, Fla.App.1960, 120 So.2d 189; F.A.R. 3.2(b), 31 F.S.A. The appellant contends that the “serving” of a motion for new trial within 10 days tolled the time for taking an appeal [Pilgrim v. Melvin, Fla.App., 141 So.2d 296; F.A.R. 1.3 and 3.2] and, therefore, the notice of appeal was timely as the motion for new trial was not denied until May 14, 1962.
An examination of the rules applicable to this case discloses that (1) Rule 2.8(b), F.R.C.P., 31 F.S.A., provides that a motion for new trial shall be served not later than 10 days after the rendition of the verdict and, (2) Rule 1.4(d), F.R.C.P., 30 F.S.A., provides that “[a] 11 original papers, copies of which are required to be served upon parties, shall be filed with the court either before service or immediately thereafter.”
In the instant case, the original motion for new trial was not filed until 6 days after the copy was served on opposing counsel and 15 days after the rendition of the verdict by the trial court. We hold that even though the motion for new trial was served within the 10-day period, it was not filed until 2 days after the expiration of the time *88 provided by Rule 2.8(b), F.R.C.P., supra [as extended by Rule 1.6(a), F.R.C.P., because the last day was a legal holiday], and therefore did not constitute “immediate” filing “thereafter” under Rule 1.4(d), F.R.C.P., supra, and was not a "timely motion for new trial” which would stay the running of the appeal time. See: Ganzer v. Ganzer, Fla. 1956, 84 So.2d 591.
Appeal dismissed.