155 So.2d 360 (1963)
MIAMI TRANSIT COMPANY, a Florida corporation, Petitioner,
v.
Walter M. FORD and Mabel Ford, his wife, Respondents.
No. 32445.
Supreme Court of Florida.
June 19, 1963.
Rehearing Denied July 18, 1963.
William H. Peeples and Kenneth L. Ryskamp, Miami, for petitioner.
Ray M. Watson, So. Miami, and Sam Daniels, Miami, for respondents.
THORNAL, Justice.
By a petition for writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, because of an alleged conflict with a decision of another district court of appeal on the same point of law.
The point for decision is whether a motion for a new trial, under Rule 1.4(d), Florida Rules of Civil Procedure, 30 F.S.A. *361 must be filed within the time prescribed for service of the motion by Rule 2.8(b), Florida Rules of Civil Procedure, 31 F.S.A.
The petitioner, Miami Transit Company, was the unsuccessful defendant in a damage action in the circuit court. The adverse verdict was rendered April 25, 1962. Judgment was entered April 30, 1962. A motion for new trial was served on opposing counsel on May 4, 1962. The motion was not filed in the trial court until May 10, 1962. An order denying the motion was entered May 14, 1962. Notice of appeal to the district court was filed July 12, 1962.
The Fords, who were the successful plaintiffs in the trial court and appellees in the district court moved to dismiss the appeal on the ground that the notice was filed 72 days after the rendition of judgment. The basis for the motion to dismiss was that, although the motion for new trial was served within 10 days after the verdict, it was not filed in the court within the 10 day period. The Fords contended that since the motion was not filed within this period, it was not timely and, therefore, did not toll the running of the appeal period following the rendition of the final judgment. F.A.R. 1.3, 31 F.S.A. This led to the conclusion that the notice of appeal was filed too late. The district court granted the motion to dismiss. By its decision it held that Rule 1.4(d) Florida Rules of Civil Procedure, requires that a motion for new trial must be filed in the trial court within the 10 day period prescribed for service thereof upon opposing parties under Rule 2.8(b), F.R.C.P. The district court concluded that the motion for a new trial was not timely and was, therefore, ineffective to toll the running of the 60 day appeal period. It held that the notice of appeal was filed too late. The appeal was dismissed. Miami Transit Company v. Ford, Fla.App., 149 So.2d 87.
The petitioner Miami Transit, seeks review by certiorari with the contention that the decision of the District Court of Appeal, Third District, in the instant case collides with a decision of the District Court of Appeal, First District, in Crovella v. Cochrane, Fla.App., 102 So.2d 307.
As a condition to a consideration of the merits of the matter, we must first look to the decision under review in order to ascertain whether there is a jurisdictional conflict between the decisions of the two district courts. If a conflict is revealed by this examination, we may then proceed to determine the merits of the opposing contentions.
In Crovella, the District Court of Appeal, First District, held that the filing of a motion under Rule 1.4(d) is not a critical jurisdictional requirement and may be waived in the trial court. It further held that failure to file a motion will not be fatal unless it results in some harm or injury to the opposing party. In the instant case the District Court of Appeal, Third District, held that, as a matter of law, a motion must be filed within the time specified for service on opposing party. It held that a failure to file within the time stated is fatal to any subsequent judicial consideration of the motion. It further disregarded the aspect of the necessity for resultant harm to an opposing party because of a failure to file a motion in the court despite the fact that it had been duly served within the prescribed period. It appears, therefore, that the two district courts are at variance with regard to the essentiality of filing a motion within the time prescribed by the rule for the service thereof. One court holds that filing within the period of service is essential to the validity of the motion. The other court holds that filing is not an essential jurisdictional prerequisite but that it may be waived and in all events will not be considered fatal if harm to the opposing party does not result. We, therefore, detect a conflict of decision on the same point of law. Consequently, we find that we have jurisdiction to proceed to consider the merits.
Rule 2.8(b) F.R.C.P., provides:
"A motion for a new trial, or a motion for rehearing in matters heard without *362 a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict or the entry of a summary judgment." (Emphasis added.)
Rule 1.4(d), F.R.C.P., regarding the filing of papers provides as follows:
"All original papers, copies of which are required to be served upon parties, shall be filed with the court either before service or immediately thereafter." (Emphasis added.)
When the two rules are placed in juxtaposition, it will be observed that the critical 10 day period applies to the service of a motion for a new trial. The filing requirement is met if it is accomplished either before service or "immediately thereafter." We do not find in the rules a requirement for filing within the critical 10 day service period as indicated by the strict interpretation announced by the district court.
The point is extremely important when applied to a motion for a new trial. This is so because a judgment is not deemed to have been rendered so as to establish the beginning of the appeal period where "there has been a timely and proper motion * * for a new trial * * *" In this situation the judgment "shall not be deemed rendered until such motion * * * is disposed of." F.A.R. Rule 1.3.
In substantial measure the Florida Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure. Admittedly, there are some differences occasioned primarily by our continued recognition of certain procedural distinctions between law and equity. However, the objective in promulgating the Florida rules has been to harmonize our rules with the federal rules to the extent possible. Rule 5(d), Federal Rules of Civil Procedure, is analogous to Rule 1.4(d), Florida rules governing the filing of papers. Admittedly, the federal rule requires filing "within a reasonable time" after service, while the Florida rule requires filing "immediately" after service. Under neither rule, however, is there any requirement that filing be accomplished within the exact period of time allowed for service.
Unless otherwise required, the service of the paper is the critical act which must be done within a specific time. Federal Practice and Procedure, Barron and Holtzoff, (Wright Edition), Section 205 (1960). Although the rules provide for both service and filing, it seems clear that it is the service which must be accomplished within the time prescribed in the various rules. This interpretation is, in a measure, supported by the fact that in the original draft of the Federal Rules, the Advisory Committee suggested a provision in Rule 5(b), supra, which reads:
"When a time is prescribed for the service of a pleading or other paper, it shall be filed with the court as well as served within that time."
This suggestion, however, was eliminated from the rule when it was adopted. As Federal 5(b) ultimately evolved, it merely required filing "within a reasonable time" and circumscribed service with the requirement of a specific period of time. The objective, of course, was to make provision for notifying the parties of the progress of the action without the necessity of examining the files in the clerk's office. At the same time, the rules make provision for filing so that the official record will be complete. Moore's, Federal Practice, Second Edition, Volume II, page 1318, Section 5.02, 1962; Cyclopedia of Federal Procedure, Third Edition, Volume 4, Section 12.13 (1951).
There is a paucity of federal cases on the problem. This evidently results from the fact that the rule appears clear. When the matter has been presented for consideration, however, it has been held that in the absence of a specific rule provision, it is the service of a paper which is critical to its consideration. It has been held that if an *363 answer is served in time, a default cannot be entered even though the answer was filed three days beyond the time allowed for service. Blank v. Bitker, (7th Cir.), 135 F.2d 962.
In analogous situations Rule 1.4(d) F.R.C.P. has been similarly applied in the Florida courts. For example, the District Court of Appeal, Third District, has held that a clerk has no power to enter a default under Rule 2.9(a) F.R.C.P. where an answer has been served but not filed under Rule 1.4 (d), supra. Pan American World Airways, Inc. v. Gregory, Fla.App., 96 So.2d 669. Similarly, the same court has held that the service of an answer before a request for a default will preclude the entry of a default even though the answer has not been filed. Gilmer v. Rubin, Fla.App., 98 So.2d 367.
We, therefore, conclude that a motion for a new trial is timely so as to toll the running of the appeal period under Rule 1.3, Florida Appellate Rules, if the motion is served within 10 days after the rendition of the verdict.
While it should be filed with reasonable promptness and, at all events, before it is presented to the trial judge, the service of the motion on opposing parties is the critical act. Situations may develop where undue delay in filing could result in harm or prejudice to the opposing party. In such event, the trial judge has the power to invoke appropriate penalties even to the extent of refusing to consider the motion. A decision governing such situations will have to await the event thereof. In the instant case no harm or prejudice from failure to file is reflected by the decision of the district court and none is suggested.
We do not overlook respondent's reference to Rule 2.13, F.R.C.P., which provides that no execution can issue until the time for filing a motion for new trial has expired or if such a motion is filed, unless it has been disposed of by the court, "except that execution may be issued upon special order of the court." Our interpretation of Rule 1.4(d), supra, should not produce any confusion in the application of Rule 2.13, supra. Under that rule execution may always issue upon order of the court, and if a motion for new trial has been served but not filed the opposing party may compel its filing by the simple process of setting it for hearing before the trial judge.
For the reasons above announced, the decision under review is quashed and the cause is remanded to the District Court of Appeal, Third District, for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and DREW, JJ., concur.