WALDEN, Judge.
At the outset — on our motion (with the help of counsels’ invited briefs) — we determine that the appeal is untimely. This leaves us without jurisdiction to consider the merits and causes us to dismiss the appeal.
*546 As all know, appeals must be filed within thirty days following rendition in order to vest the appellate court with jurisdiction.[1] However, such time period is tolled by the postponement of rendition if a timely post trial motion is made.[2] Here, the notice of appeal was filed more than thirty days following the judgment and, as later explained in detail, the appellants did make a post trial motion which, if timely made, would have sufficiently extended the appeal time. Thus, the whole attention of this opinion is directed to the determination of timeliness in presenting the post trial motion.
Now to the specifics. Appellants moved for judgment non obstante veredicto. It was “filed” with the Clerk of Court more than ten days following verdict and judgment. It was “served” on opposing counsel within the ten day period following verdict and judgment.
We treat the motion as being within the purview of Rule 1.480(b), F.R.C.P.[3], 30 F. S.A., and thereby as a “motion for judgment in accordance with the motion for directed verdict.” Bescar Enterprises, Inc. v. Rotenberger, Fla.App.1969, 221 So.2d 801. Under this rule, within ten days after the reception of a verdict, “a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict.” (Emphasis supplied.)
What obligation does this rule and its words, “may move,” exactly impose upon a party (and his counsel) if he wishes to toll the appeal time and keep alive his appellate rights under Rule 1.3, Rendition, Florida Appellate Rules?, 32 F.S.A.[4] What is the critical or dispositive act? For instance, does it mean that a party must file [5] his motion with the clerk within the ten day period — does it mean that he must serve [6] such motion upon opposing counsel within the ten days — or must he perform the acts simultaneously, or otherwise ?
*547 We have not found nor been furnished with any Florida case which is dis-positive of the matter. Thus, we look to the federal rules and cases construing them for light and help in finding the way, it being commonly understood that Florida rules are modeled thereafter. Delta Rent-A-Car, Inc. v. Rihl, Fla.App.1969, 218 So.2d 467; Miami Transit Co. v. Ford, Fla.1963, 155 So.2d 360.
Rule 1.480(b), F.R.C.P.[7], and Federal Rule 50(b) [8] are substantially similar and, with reference to our problem, identical in providing that a party “may move” within the stated period to have the verdict and judgment set aside.
Only one case have we been able to find which precisely meets the issue. McConnell v. United States, (E.D.Tenn.1970) 50 F.R.D. 499. It squarely holds that such motion must be filed with the clerk within ten days. “If such motion is not filed with the clerk within that period, this Court is forbidden to enter a judgment notwithstanding the verdict.” 50 F.R.D. at 501.
 Finally, we agree with appellee’s contention that in order to “move” same is accomplished by presenting a motion. A motion is an application to a court to obtain an order directing an act to be done. 23 Fla.Jur., Motions and Orders, § 2. Mere service of a pleading is not enough to present the pleading to the court; filing is necessary. Pan American World Airways v. Gregory, Fla.App.1957, 96 So.2d 669; 56 Am.Jur.2d, Motions, Rules and Orders, § 9.
If our judicial process involved only a ribbon matching technique, we would here simply end this opinion with the word, “DISMISSED.” We choose, however, in the pursuit of light, to project a dicta critique of a closely related motion and some aspects of timeliness. Although dull, such questions are frequently of imperative significance, as jurisdiction often turns upon their resolution and the mechanism chosen to effectuate the provision of the Rule. It somehow seems impossible to lay such matters at rest as they occur time and time again causing opinions thereon to proliferate which appear to hold one way and the other. Further, the individual rules do not or, rather, should not operate in a vacuum irrespective of the impact of companion rules. We envision that the rules have an interrelationship and that together they form a comprehensive pattern designed to promote the efficient presentation of the substantive controversies.
We recommend, to begin with, that the several rules which require the filing, serving, or moving, with time deadline and jurisdiction in balance, should be clarified with minute specificity by the rule making authority, and hopefully with a degree of uniformity to the end that the reader and user will know precisely what is required.
In the sense that a motion under Rule 1.1-480(b), F.R.C.P.[9], tolls the time for filing notice of appeal under Rule 1.3, F.A.R.[10], *548 it is similar in scope and signficance to a motion for a new trial or rehearing,[11] and , herein lies an anomaly.
9 Wright & Miller, Federal Practice and Procedure, § 2537, at 602 (1971), discusses the meaning of the words “may move” in the Federal Rule:
“ . . . The rule is certainly ambiguous on this point. It says merely that the party ‘may move’ within the stated time limit. It does not say whether the motion is considered to have been made when it is served on the other parties or filed with the court. It should be read as referring to service rather than filing, subject to the general provision of Rule 5(b) that papers ‘shall be filed with the court either before service or within a reasonable time thereafter.’ When the time limit was amended in 1963 the Advisory Committee said that the purpose was to make the provision consistent with the time limit in Rule 59(b) for moving for a new trial. Rule 59(b) is quite explicit that a motion for a new trial must be ‘served’ within ten days after entry of judgment. If, as the rules permit, a party moves in the alternative for judgment notwithstanding the verdict or for a new trial, and serves that motion within ten days after entry of judgment but does not file it until after the tenth day, it would be quite anomalous to hold that the motion is timely insofar as it seeks a new trial but untimely insofar as it requests judgment,51 (Emphasis supplied.)”
[footnote 51] “Exactly that anomaly resulted in the case under discussion, McConnell v. United States, D.C.Tenn.1970, 50 F.R.D. 499, where the motion was in the alternative.”
Under Federal Rule 50(b) [12], as pointed out, a motion for a new trial may be joined with a motion for directed verdict. This is also true under Rule 1.480(c), F.R.C.P.[13] So we are presented with the same anomaly in Florida as we hold “may move” requires filing, not service.
And what is the Florida Rule with reference to motions for new trial? The Rule, F.R.C.P. 1.530(b)[14], 31 F.S.A., provides that such motion “shall be served” within the requisite period. How has this rule been judicially interpreted in Florida? To put it frankly, the Florida case law is in disarray.
There seem to be at least three Florida views:
A. The view that obtains in federal courts which requires “service” as the critical act. Miami Transit Co. v. Ford, supra, determined whether a motion for new trial is timely for purposes of tolling the appeal time where the appellant served the motion for new trial on the appellee within ten days after the verdict was rendered, but did not file it within the ten day period. The court discussed the rule pertaining to motions for new trial, adopting the federal view, and held:
“ . . . [I]t will be observed that the critical 10 day period applies to the service of a motion for a new trial. The filing requirement is met if it is accomplished either before service or ‘immediately thereafter.’ We do not find in the rules a requirement for filing within the critical 10 day service period. . . . ” (Emphasis theirs.)
*549 “The point is extremely important when applied to a motion for a new trial. This is so because a judgment is not deemed to have been rendered so as to establish the beginning of the appeal period where ‘there has been a timely and proper motion * * * for a new trial * * * >
******
“Unless otherwise required, the service of the paper is the critical act which must be done within a specific time . Although the rules provide for both service and filing, it seems clear that it is the service which must be accomplished within the time prescribed in the various rules ....
******
“We, therefore, conclude that a motion for a new trial is timely so as to toll the running of the appeal period under Rule 1.3 Florida Appellate Rules, if the motion is served within 10 days after the rendition of the verdict.” (Emphasis supplied.)
“While it should be filed with reasonable promptness and, at all events, before it is presented to the trial judge, the service of the motion on opposing parties is the critical act. Situations may develop where undue delay in filing could result in harm or prejudice to the opposing party. In such event, the trial judge has the power to invoke appropriate penalties even to the extent of refusing to consider the motion.” 155 So.2d 360 at 362-363.
An article on appellate procedure at 20 Miami L.Rev. 368, 398-399, discusses Miami Transit Co. v. Ford, supra, and comments :
“As illustrated above, it is the service of the motion for a new trial upon the opposing party, not the filing of the motion in the lower court, that is the critical act for purposes of tolling the running of the appeal period. This construction by the Florida Supreme Court is in accord with a recent federal interpretation of the analogous Federal Rule” (Emphasis supplied.) “ — 73(a). Rule 73(a) of the Federal Rules of Civil Procedure provides in part that ‘the running of the time for appeal is terminated by a timely motion . . . under Rule 52(b) to amend or make additional findings of fact . . . ’ Rule 52(b) provides that such a motion shall be ‘made not later than 10 days after’ (Emphasis theirs.) ‘entry of judgment . . . ’ In Koehane v. Swarco, Inc., 6 Cir., 320 F.2d 429, the appellant served a motion to amend upon defendants’ counsel within the ten-day period required by Rule 52(b). However, it was filed with the clerk eleven days after the entry of judgment. The federal court held the motion timely, reasoning that a motion is ‘made’ under Rule 52(b), when it is served upon opposing counsel.” (Emphasis supplied.)
B. The view that such motions must, in fact, be “filed” regardless of the wording of the rule. The later, or more current, attitude is reflected in Investment Corp. of South Florida v. Florida Thoroughbred Breeders Ass’n., Fla.App.1972, 256 So.2d 227; Kirby v. Speight, Fla.App.1969, 217 So.2d 871; Kash N’Karry Wholesale Supermarkets, Inc. v. Garcia, Fla.App.1969, 221 So.2d 786; Kippy v. Colburn, Fla.1965, 177 So.2d 193; Batteiger v. Batteiger, Fla.App.1959, 109 So.2d 602; Cortina v. Cortina, Fla.1957, 98 So.2d 334; Ganzer v. Ganzer, Fla.1956, 84 So.2d 591. It appears from these cases the terms “filed” and “served” are frequently used interchangeably with no distinction in meanings made.
C. The apparent view that the Rule language in Rule 1.3, F.A.R.[15], which requires that such post trial motions be “filed” and that the appeal time is tolled by the “filing” of such motion, controls and supersedes any contra language and intent found in Rule 1.530(b), F.R.C.P.[16] Bescar *550 Enterprises, Inc. v. Rotenberger, supra; Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648, partially receded from on other grounds in Shell v. State Road Dept., Fla.1961, 135 So.2d 857.
(We note that our instant decision is compatible with the views of B and C and probably incompatible with A above.)
At such time as the Rules may be reconsidered, clarified and hopefully made uniform, we express our strong preference for the view that all such post trial motions should be required to be “filed” with the Clerk and this to be the critical jurisdictional criteria in determining if the appeal time is tolled and if the court has jurisdiction, be it trial court or appellate court.
The advantages of the above suggestion are manifest, at least to us. It would permit the court and the litigants to instantly determine from a scan of the docket or a Clerk’s certificate thereto whether it has jurisdiction, as the “filing” could thereby be exactly established. This would be impossible under the federal practice as the motion could be timely served and untimely filed. Under the federal way, the effect of untimely filing is apparently of no real moment unless it creates prejudice. See Miami Transit Co. v. Ford, Fla.1963, 155 So.2d 360.
It seems highly desirable for a court to be able to determine its power, or lack thereof, with knife edge certainty and not have to wait and wonder if perhaps such motion has been mailed or served upon counsel — such fact of service not being reflected in the record.
Further, as a matter of dignity and certainty, we urge the filing concept because of the underlying common office practice and procedure in making service. This certificate of service and the physical acts therein encompassed are normally (and properly) farmed out to secretaries, mail clerks or other non-lawyer personnel who are perhaps not so acutely advised as to the fundamental necessities of the procedure.
Practitioners of experience and judicial officers know the awkwardness engendered when a certificate indicates service and the addressee denies receipt and the movant is impotent and ignorant as to whether such service was truly made. How much better it would be to require that the motion be filed with clerk’s time stamp, date and docket entry.
In the administration of the motion calendar in appellate courts, it is very much more helpful in ruling upon motions to dismiss for lack of timeliness if such decision can rest upon the clerk’s certificate of “filing”, vel non. This procedure affords certainty while “service” invariably results in uncertainty. Further, if the current time periods are inadequate or uncomfortable, same could be enlarged by a rule change.
Although there may be some advantages to be found in the federal view which prefers “service” over “filing” as the critical act, we are not acquainted with them and do not know the rationale behind it.
In conclusion, and now back to the appellate issue before us, it is our holding that motions for judgment under Rule 1.-480(b), F.R.C.P.[17] must be filed in order to toll the appeal time. This not having been done, the notice of appeal was not timely filed and thus the appeal must be dismissed.
Dismissed.
REED, C. J., and CROSS, J., concur.
Ordered that the Appellants’ Petition for Rehearing filed March 21, 1973 is hereby denied, and further,
Ordered that the following question passed upon in this court’s opinion filed *551 herein March 8, 1973, is certified to the Supreme Court of Florida as a question of great public interest, to wit:
“IN ORDER FOR SAME TO BE TIMELY, MUST A POST TRIAL MOTION UNDER RULE 1.480(b), R.C.P. (WHICH PROVIDES THAT A PARTY MAY MOVE THEREUNDER WITHIN 10 DAYS) BE FILED WITH THE CLERK OF COURT WITHIN SUCH PERIOD?”

. F.A.R. 3.2 “Commencement of Proceedings . . . (b) Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree appealed from, unless some shorter period of time for taking an appeal is specifically provided by these rules.”

. F.A.R. 1.3 “Definitions . . . ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”

. F.R.C.P. 1.480(b) “Reservation of Decision on Motion. . . . Within ten days after the reception of a verdict a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict or if a verdict was not returned, such party may move for judgment in accordance with the motion for a directed verdict within ten days after the jury has been discharged.”

. Supra, fn. 2.

. F.R.C.P. 1.080(d) “Filing. All original papers shall be filed with the court either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.”

. F.R.C.P. 1.080(b) “Same [service] ; How made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (1) handing it to the attorney or to the party or (2) leaving it at his office with his clerk or other person in charge thereof or (3) if there is no one in charge, leav *547 ing it in a conspicuous place therein or (4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents. Service by mail shall be complete upon mailing.”

. Supra, fn. 3.

. Fed.R.Civ.Pro. 50(b) “Motion for Judgment Notwithstanding the Verdict. . . . Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. . . . ”

. Supra, fn. 3.

. Supra, fn. 2.

. F.R.C.P. 1.530(b) “Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action . . . . ”

. Fed.R.Civ.Proc. 50(b) “ . . .Amotion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative . . . . ”

. F.R.C.P. 1.480(c) “Joined with Motion for New Trial. A motion for a new trial may be joined with this motion or a new trial may be requested in the alternative . . . . ”

. Supra, fn. 11.

. Supra, fn. 2.

. Supra, fn. 11.

. Supra, fn. 3.