288 So.2d 476 (1974)
Ray G. BEHM and Frances K. Behm, Petitioners,
v.
DIVISION OF ADMINISTRATION, State of Florida DEPARTMENT OF TRANSPORTATION, Respondent.
No. 43726.
Supreme Court of Florida.
January 16, 1974.
James J. Richardson, of Henderson, Richardson, Canada, Henry, Buchanan & Munroe, Tallahassee, for petitioners.
*477 Geoffrey B. Dobson, Gen. Counsel, and Barbara Ann Dell McPherson, Asst. Atty., Tallahassee, for respondent.
CARLTON, Chief Justice.
On petition for writ of certiorari, we are asked to review a decision of the District Court of Appeal, Fourth District, reported at 275 So.2d 545. Our jurisdiction is based upon the certification by the District Court of the following question as one of great public interest:
"In order for same to be timely, must a post trial motion under Rule 1.480(b), R.C.P. (which provides that a party may move thereunder within ten days) be filed with the Clerk of Court within such period?"
See Article V, Section 3(b)(3), Constitution of the State of Florida, F.S.A.
The petitioners (appellants before the District Court) had moved in the trial court for a judgment non obstante veredicto. This motion was properly treated as a motion for judgment in accordance with a motion for a directed verdict, as provided for in Rule 1.480(b), F.R.C.P., 30 F.S.A., the pertinent part of which is:
"... Within ten days after the reception of a verdict a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict... ." (e.s.)
Petitioners' motion was served on opposing counsel on the tenth day following the verdict and judgment; however, it was not filed with the Clerk of Court until two days later. Subsequently, the motion was denied, and the petitioners appealed to the District Court. The notice of appeal was filed within thirty days of the denial of the motion, but more than thirty days after the judgment appealed from was rendered. The respondents moved the District Court to dismiss the appeal, and this motion was granted in the decision we are now asked to review.
Rule 3.2, Florida Appellate Rules, 32 F.S.A., provides that appeals must be taken within thirty days from the "rendition" of a judgment. Rule 1.3, Florida Appellate Rules, defines "rendition" and continues:
"... Where there has been filed in the lower court a timely and a proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
Since a post-trial motion had been filed in the lower court in this cause, the District Court was faced with the question of whether or not the motion was "timely and proper". If the motion was "timely and proper", the appeal was timely and should not have been dismissed. The District Court, however, held that the motion was not timely and that the appeal, therefore, should have been taken within thirty days of the judgment. The District Court dismissed the appeal and certified to us the question quoted above.
We answer the certified question in the negative, thereby reversing the dismissal of the appeal, and we remand this cause to the District Court for consideration of the appeal on the merits.
We answer the certified question in conformance with our opinion in Miami Transit Company v. Ford, 155 So.2d 360 (Fla. 1963), which involved a highly analogous situation. In Miami Transit, a motion for new trial was served on opposing counsel within ten days of a final judgment, but the motion was not filed in the trial court until after ten days had elapsed. The District Court of Appeal granted a motion to dismiss an appeal which was taken within thirty days of the denial of the motion for new trial, but not within thirty days from the time the judgment was rendered. This Court reversed.
*478 When Miami Transit was decided, Rule 2.8(b), F.R.C.P., provided:
"A motion for new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than ten days after the rendition of verdict or the entry of a summary judgment." (e.s.)
Rule 1.3, Florida Appellate Rules, at that time, provided, in part:
"... Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
In reversing the dismissal of the appeal, we held, inter alia, at 155 So.2d 362-363:

"Unless otherwise required, the service of the paper is the critical act which must be done within a specific time. Federal Practice and Procedure, Barron and Holtzoff, (Wright Edition), Section 205 (1960). Although the rules provide for both service and filing, it seems clear that it is the service which must be accomplished within the time prescribed in the various rules. This interpretation is, in a measure, supported by the fact that in the original draft of the Federal Rules, the Advisory Committee suggested a provision in Rule 5(b), supra, which reads:
`When a time is prescribed for the service of a pleading or other paper, it shall be filed with the court as well as served within that time.'
This suggestion, however, was eliminated from the rule when it was adopted. As Federal 5(b) ultimately evolved, it merely required filing `within a a reasonable time' and circumscribed service with the requirement of a specific period of time. The objective, of course, was to make provision for notifying the parties of the progress of the action without the necessity of examining the files in the clerk's office. At the same time, the rules make provision for filing so that the official record will be complete. Moore's, Federal Practice, Second Edition, Volume II, page 1318, Section 5.02, 1962; Cyclopedia of Federal Procedure, Third Edition, Volume 4, Section 12.13 (1951).
There is a paucity of federal cases on the problem. This evidently results from the fact that the rule appears clear. When the matter has been presented for consideration, however, it has been held that in the absence of a specific rule provision, it is the service of a paper which is critical to its consideration. It has been held that if an answer is served in time, a default cannot be entered even though the answer was filed three days beyond the time allowed for service. Blank v. Bitker (7th Cir.), 135 F.2d 962.
......
We, therefore, conclude that a motion for a new trial is timely so as to toll the running of the appeal period under Rule 1.3, Florida Appellate Rules, if the motion is served within 10 days after the rendition of the verdict.
While it should be filed with reasonable promptness and, at all events, before it is presented to the trial judge, the service of the motion on opposing parties is the critical act. Situations may develop where undue delay in filing could result in harm or prejudice to the opposing party. In such event, the trial judge has the power to invoke appropriate penalties even to the extent of refusing to consider the motion. A decision governing such situations will have to await the event thereof. In the instant case no harm or prejudice from failure to file is reflected by the decision of the district court and none is suggested." (e.s.)
The instant case, of course, involves Rule 1.480(b), F.R.C.P., rather than Rule 1.530(b), 31 F.S.A. (essentially the same as the former Rule 2.8(b), F.R.C.P., *479 relating to motions for a new trial), but the rationale behind our Miami Transit decision and this one is the same. The only pertinent change to Rule 1.3, Florida Appellate Rules, since Miami Transit was decided has been the substitution of "Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules ...." for "Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court... ." The added requirement of filing does not change the fact that service is the critical act; it simply means that the motion, reflecting the date of service, must be filed at some time. As we noted in Miami Transit, when the filing of a properly served motion is late (see Rule 1.080(d), F.R.C.P.) a trial judge may refuse to consider the motion if it has resulted in harm or prejudice to the opposing party. He may also refuse to consider a motion which has not been filed at all. Under Rule 1.3, Florida Appellate Rules, an appellate court may dismiss an appeal not filed within thirty days of the judgment appealed from when there has been a post-trial motion made and timely served, but never filed at all.
The District Court, in its opinion sub judice, cited one other opinion emanating from this Court which, it was asserted, reached a result inconsistent with Miami Transit. That case is Kippy Corporation v. Colburn, 177 So.2d 193 (Fla. 1965), but in Kippy we were only concerned with the effect of a stay order upon the time for entering an appeal. We specifically said:
"We here decide that: (1) A trial court has no authority to modify, amend or vacate a final order, except in the manner and within the time provided by rule or statute; and (2) that an order staying performance and execution of a final order does not in itself prevent a final order from becoming absolute and, therefore, does not, during the life of such stay order, empower the trial court to vacate its earlier final order or enter a new one in its stead."
In Kippy, however, we did discuss, obiter dictum, the effect of post-trial motions and petitions in general. This was because one of the parties in that case had moved for an amendment to the final decree, which motion was filed (and presumably also served) 48 days after the final decree and 42 days after the stay order. See Colburn v. Highland Realty Co., 153 So.2d 731, 734 (2d DCA Fla. 1963).
Mr. Justice O'Connell, speaking for the Court, said:
"So it is that motions and petitions for correction of error by the trial court must be made within the time prescribed by rule or statute, usually 10 days from entry of the order. Rules 2.8, 3.10 and 3.16, F.R.C.P. Unless a proper motion or petition is filed within the allotted time the order becomes absolute and except as provided by the rules, notably Rule 1.38 and Rule 2.8, F.R.C.P., the trial court has no authority to alter, modify or vacate the substance of the order. If such a motion is timely filed, or the trial court acts timely on its own initiative under Rule 2.8, F.R.C.P., the jurisdiction of the trial court continues until the motion or petition is disposed of, or the rehearing or new trial, if one is ordered, is had. Rule 1.3 F.A.R. `Rendition.'"
Mr. Justice O'Connell did not make the distinction between the "filing" and the "serving" of a post-trial motion or petition because that issue was not involved in the case. Had we been concerned with that issue in Kippy, it would have been decided in accordance with Miami Transit. Since Rule 1.080(d), F.R.C.P., provides that all papers "shall be filed with the Court either before service or immediately thereafter", the "filing" and "serving" of a motion or *480 petition are usually performed on the same day, and those terms are often used interchangeably when the distinction is irrelevant. When there is a difference, however, between the date of filing and the date of serving a post-trial motion or petition, the critical date for tolling the time in which an appeal may be taken is the date of service, as we held in Miami Transit. See Trawick, Trawick's Florida Practice and Procedure, § 26-1 at 424 (1973 ed.).
Therefore, the certified question having been answered contrary to the conclusion of the District Court, this cause is remanded to the District Court for a consideration of the appeal filed herein on the merits.
Petitioners have filed in this cause a motion to assess attorneys' fees, which motion has been objected to by respondent on the ground that it was not timely filed under Rule 3.16(e), Florida Appellate Rules. (The motion was filed with petitioners' reply brief, rather than their original brief.) Rule 3.16(e), by its terms, is applicable to cases where "attorney's fees are allowable by law." In appeals by condemnees in eminent domain proceedings, such fees are not "allowable"  i.e., discretionary  but are mandatory when the condemnees are successful on appeal. Florida Constitution, Article X, Section 6(a); Fla. Stat. § 73.131(2), F.S.A.; Jacksonville Expressway Authority v. Henry G. DuPree Co., 108 So.2d 289 (Fla. 1959). When an award of fees is mandatory, rather than discretionary, no motion or petition for attorneys' fees is even necessary.
In the instant case, however, the condemnees (petitioners) have not, as yet, been successful on appeal. Our opinion herein holds only that they are entitled to an appeal. On remand, therefore, if the determination of the appeal on the merits is favorable to the petitioners (appellants), the District Court is directed to include in its award of attorneys' fees a reasonable amount for the services rendered in petitioning this Court for writ of certiorari.
It is so ordered.
ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
ROBERTS and BOYD, JJ., dissent.