669 So.2d 1158 (1996)
Edward PENNINGTON, III, Appellant,
v.
Eddie C. WALDHEIM, Jr., M.D., et al., Appellees.
No. 95-3251.
District Court of Appeal of Florida, Fifth District.
March 22, 1996.
Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, for Appellant.
David A. Corso, of Fisher, Rushmer, Werrenrath, Wack & Dickson, P.A. Orlando, for Appellee, Eddie C. Waldheim, Jr., M.D.
Ronald L. Harrop, of Gurney & Handley, P.A., Orlando, for Appellees, William Story, *1159 M.D. and Central Florida Cardiology Group, P.A.
Christopher C. Curry and Howard R. Marsee, of Hannah, Marsee & Voght, P.A., Orlando, Attorneys for Appellees, S. Marcus Hopkins, M.D., S. Marcus Hopkins, M.D., P.A., and Fredric C. Wurtzel, M.D., P.A.

ON MOTIONS TO DISMISS
GRIFFIN, Judge.
This matter is before the court on appellees' several motions to dismiss this appeal on the ground that the notice of appeal filed by appellant, Edward Pennington, III ["Pennington"], was not timely because it was not filed within thirty days of the rendition of the order to be reviewed, as required by Rule 9.110(b), Florida Rules of Appellate Procedure. We agree in part and dismiss the appeal of the summary final judgments entered in favor of appellees.
On August 10, 1995, the Circuit Court in and for Orange County, Florida, entered a series of summary final judgments in favor of appellees, William Story, M.D.; Central Florida Cardiology Group, P.A.; S. Marcus Hopkins, M.D.; S. Marcus Hopkins, M.D., P.A.; Frederick C. Wurtzel, M.D., P.A.; and Eddie C. Waldheim, Jr., M.D. These orders contained the requisite language of finality: "Plaintiff shall take nothing by this action and [defendants] shall go hence without day."
On August 21, 1995, Pennington filed but did not serve a single Motion for Rehearing and Reconsideration of Defendants' Motions for Summary Judgment. Subsequently, in September and October 1995 the defendants filed a series of motions to strike plaintiff's motion for rehearing on the ground that the motion for rehearing had not been served upon the defendants. Various affidavits were filed in support of the defendants' motions to strike, averring that plaintiff's motion for rehearing had not been received by the various counsel for defendants. Defendants also supported their motion to strike by filing the affidavit of Janet Will, secretary to Howard R. Marsee. Ms. Will's affidavit states that defendants were first alerted to the possibility that a motion for rehearing had been filed when, on September 18, 1995, Ms. Will received a copy of a "notice of filing" by plaintiff of a copy of a case in support of a "motion for relief from summary judgment" that they had not received. She began to make inquiries. As further indicated in Ms. Will's affidavit, a copy of the plaintiff's motion for rehearing was obtained the next day from the court file.
A hearing was held on the defendants/appellees' motions to strike plaintiff's motion for rehearing on October 30, 1995. During the hearing, the plaintiff filed in open court a "Motion for Relief in Accordance With Florida Rules of Civil Procedure 1.540" in which plaintiff's counsel acknowledged plaintiff's motion for rehearing had not been served "due to a clerical error" but contended that the defendants had not been prejudiced by plaintiff's failure to properly serve the motion for rehearing. The "Motion for Relief" under Rule 1.540 requested that the plaintiff be afforded "relief" from "damage resulting from clerical error in failing to properly serve defendants on a timely basis."
By order dated November 13, 1995, the lower court granted defendants/appellees' motions to strike plaintiff's motion for rehearing and denied plaintiff's motion for relief under Rule 1.540. On December 12, 1995, Pennington filed his notice of appeal seeking review of the orders granting final summary judgment entered August 10, 1995 and the order granting the defendants' motions to strike.
We write to warn counsel of the danger posed by the failure to comply with Florida Rule of Civil Procedure 1.530(b). Under the provisions of Rule 9.110(b), Florida Rules of Appellate Procedure, notices of appeal seeking review of final orders of lower tribunals must be filed within thirty days of rendition of the order to be reviewed unless rendition is suspended by "an authorized and timely" motion for new trial or rehearing as provided by Florida Rule of Appellate Procedure 9.020(g). In order to be "authorized and timely" under Rule 1.530(b), Florida Rules of Civil Procedure, a motion for new trial or rehearing must be served no later than ten days after the date of verdict or date of the filing of the judgment. In the instant case, the final summary judgments were entered and filed August 10, 1995. Appellant, accordingly, was required to serve *1160 his motion for rehearing within ten days. Due to error or inadvertence, however, this was not done.
Although Pennington filed his motion for rehearing on August 21, 1995, the rule is clear that service of a motion for rehearing within the ten days afforded under Florida Rule of Civil Procedure 1.530(b) is the operative event determining whether a motion for rehearing is timely. Several cases have arisen involving service within ten days but filing beyond ten days. It is clear that filing beyond the ten days is of no consequence so long as service is timely. Behm v. Division of Administration, 288 So.2d 476, 479-80 (Fla.1974). Although it may be counter-intuitive for civil lawyers to view service as an event of jurisdictional dimension, in the case of this particular rule, timely filing is of no moment, timely service is everything. Here service was plainly untimely. Accordingly, the appeal of the summary final judgments must be dismissed for lack of jurisdiction. All that remains is the timely filed appeal of the lower court's order granting the motion to strike the motion for rehearing. This most properly is an appeal of a post-decretal order which should proceed under Florida Rule of Appellate Procedure 9.130(a)(4). Appellant shall file his brief and appendix within twenty days.
APPEAL DISMISSED in part.
COBB and HARRIS, JJ., concur.