PETERSON, Chief Judge.
The trial court entered final summary judgments in favor of the appellees/defen-dants on August 11, 1995. The plaintiff/appellant timely filed a motion for rehearing on August 21,1995, but never served the motion on opposing counsel. Florida Rule of Civil Procedure 1.580(b) provides:
(b) A motion for new trial or for rehearing shall be served not later than ten days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.
(Emphasis added). Florida Rule of Appellate Procedure 9.020(g) provides in part:
(g) If a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, ... a final order shall not be deemed rendered ... until the filing of a signed, written order disposing of ... such motion.
(Emphasis added). Each of the appellees filed motions to strike appellant’s motion for rehearing based on appellant’s failure to serve them with copies of the motion for rehearing. Counsel for appellant then corresponded with counsel for one of the appellees explaining that the failure to serve the motion was attributable to a breakdown of communication between his office and another attorney’s office.[1]
At the hearing on appellee’s motion to strike, the court permitted the appellant to file a 1.540 motion for relief in which appellant asserted the defense of excusable neglect. At the conclusion of the hearing, the trial court granted the relief sought by appel-lee, noting in particular the following:
Having reviewed the law that the defendants have presented and finding that the service date is the one that rules — in finding that even as we speak today there has been no service on the defendants of this motion for reconsideration or rehearing, I’m going to grant the motion to strike.
On December 12, 1995, appellant filed an appeal of the order subsequently entered and the underlying final summary judgments.
During the pendency of this appeal, the appellees filed motions to dismiss the appeal arguing lack of appellate court jurisdiction. By opinion of March 22, 1996, this court partially granted those motions by dismissing the appeal as to the final summary judgments. Pennington v. Waldheim, 669 So.2d 1158 (Fla. 5th DCA 1996) (Pennington I). In Pennington I, this court made the following observation:
We write to warn counsel of the danger posed by the failure to comply with Florida Rule of Civil Procedure 1.530(b). Under the provisions of Rule 9.110(b), Florida Rules of Appellate Procedure, notices of appeal seeking review of final orders of lower tribunals must be filed within 30 days of rendition of the order to be reviewed unless rendition is suspended by “an authorized and timely” motion for new trial or rehearing as provided by Florida Rule of Appellate Procedure 9.020(g). In order to be “authorized and timely” under Rule 1.530(b), Florida Rules of Civil Procedure, a motion for new trial or rehearing must be served no later than ten days after the date of verdict or date of the filing of the judgment. In the instant case the.final *1271 summary judgments were filed August 10, 1995. Appellant accordingly was required to serve this motion for rehearing within ten days. Due to error or inadvertence, however, this was not done.
Although [appellant] filed his motion for rehearing on August 21, 1995, the rule is clear that service of a motion for rehearing within the ten days ... is the operative event determining whether a motion for rehearing is timely. Several cases have arisen involving service within ten days but filing beyond ten days. It is clear that filing beyond ten days is of no consequence as long as service is timely. Behm v. Division of Administration, 288 So.2d 476, 479-80 (Fla.1974). Although it may be counter-intuitive for civil lawyers to view service as an event of jurisdictional dimension, in the case of this particular rule, timely filing is of no moment, timely service is everything. Here service was plainly untimely. Accordingly, the appeal of the summary final judgments must be dismissed for lack of jurisdiction. All that remains is the timely filed appeal of the lower court’s order granting the motion to strike the motion for rehearing. This most properly is an appeal of a post-decretal order which should proceed under Florida Rule of Appellate Procedure 9.130(a)(4).
Pennington at 1159-60. As noted in Pennington I, the instant appeal is an appeal of a post-decretal order, to wit: an order granting the motion to strike the appellant’s motion for rehearing. It is also an appeal of an order entered on a motion filed under Florida Rule of Civil Procedure 1.540 pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). Therefore, this court has jurisdiction under both Florida Rule of Appellate Procedure 9.130(5) and 9.130(a)(4).
In Pennington I, we concluded that the untimely service of the motion for rehearing caused this court to lose jurisdiction to review the underlying summary judgment. We further noted, however, that the service was also untimely for purposes of being considered below because the applicable rule of procedure specifies that the date of service, not filing, is the date of consequence. Therefore, the trial court properly granted the motion to strike on the grounds of untimeliness.
As to appellant’s assertion that relief should have been granted under rule 1.540, we again find that no reversible error was demonstrated by the trial court. The trial court had justifiable reason for denying appellant relief in the fact that at the time of the hearing, appellant still had not served any of the appellees. While the appellees eventually learned of the motion for rehearing, their knowledge is no substitute for failing to perform the rule-mandated service, even if late. Latin American Property and Cos. Ins. Co. v. Italian Palace, Inc., 596 So.2d 1174 (Fla. 4th DCA 1992) (in order to obtain relief from a default judgment, due diligence must be demonstrated). Appellant’s counsel, when apprised of the absence of service, simply apologized for the “oversight” in a letter to one of the opposing counsel; he never bothered to attempt actual compliance, albeit late, with the rule. No abuse of discretion was demonstrated by the trial court in granting the motions to strike. Church v. Strickland, 382 So.2d 419, 421 (Fla. 5th DCA 1980) (duty of a trial court to determine whether facts constitute excusable neglect and a trial court’s ruling on such a matter will not be disturbed absent a showing of gross abuse of discretion).
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.

. Appellant’s counsel had agreed to represent appellant for the limited purpose of attempting to obtain a rehearing on the summary judgments. If the rehearing was obtained, the second attorney was to proceed with representation of the appellant.