OVERTON, Justice.
In Amendments to the Rules of Judicial Administration-Rule 2.090-Electronic Transmission and Filing of Documents, 681 So.2d 698 (Fla.1996), this Court amended Florida Rules of Judicial Administration 2.060, 2.075, and 2.090, regarding the electronic transmission and filing of documents. In amending the rules, we adopted a much more conservative approach to the electronic transmission and filing of documents than that proposed by the Florida Bar Judicial Administration Rules Committee. Because of the substantial changes we made to those rules, we directed that the amendments be published in The Florida Bar News and asked for comments from interested parties.
We received numerous comments regarding the rule changes, primarily from the clerks of court, as well as from the then-chair of the Court Technology Users Committee, criticizing the changes this Court made to the rules as initially proposed. Essentially, the amendments have been criticized as being so restrictive that the implementation of electronic filing in individual counties or circuits would not be economically feasible. In this regard, we have been advised that some clerk’s offices have already budgeted amounts for the present fiscal year to begin implementing electronic filing programs but have declined to do so because of the economic feasibility concerns inherent in the current rules.
After receiving these comments, we referred this matter to the Court Technology Users Committee, which has been developing standards and guidelines for electronic imaging and filing that are consistent with those currently being considered by the federal courts. That committee has unanimously proposed new amendments to the rules to accommodate both the concerns of this Court regarding retention of documents as well as the economic feasibility concerns of the clerks. The proposed amendments are not as broad as the original proposals submitted by the Judicial Administration Rules Committee, but neither are they as restrictive as the amendments adopted by this Court last year.
The rule amendments proposed by the committee were developed with input from a number of clerks of court and retain the requirement imposed by this Court that any program allowing the electronic filing of documents must be approved by this Court before implementation. The proposed amendments, however, allow for the eventual elimination of hardcopy backup filings once a system has been shown to be operating reliably.
To properly meet the demands imposed by the onset of the information age, we find that the rule amendments proposed by the committee are an appropriate solution to the concerns of both this Court and clerks of court.
Accordingly, after considering all the comments, we amend Rules of Judicial Administration 2.060(f)(2) and 2.090(c) as set forth in the attached appendix. These rule changes shall take effect January 1, 1998. We direct that the rules be readvertised in The Florida Bar News, and we direct that all interested parties submit comments regarding the rules on or before October 1, 1997, which comments will be considered by this Court before the effective date of the rules.
It is so ordered.
*505 KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 2.060. ATTORNEYS
(a) Local Attorneys. All persons in good standing as members of The Florida Bar shall be permitted to practice in Florida.
(b) Foreign Attorneys. Attorneys of other states shall not engage in a general practice in Florida unless they are members of The Florida Bar in good standing. Upon verified motion filed with a court showing that an attorney is an active member in good standing of the bar of another state, attorneys of other states may be permitted to appear in particular eases in a Florida court. A motion for permission to appear shall be submitted with or before the attorney’s initial personal appearance, paper, motion, or pleading. The motion shall state all jurisdictions in which the attorney is an active member in good standing of the bar and shall state the number of cases in which the attorney has filed a motion for permission to appear in Florida in the preceding 3 years.
(c) Clerks and Secretaries Not to Practice. No one serving as a research aide or secretary to a justice or judge of any court shall practice as an attorney in any court or before any agency of government while continuing in that position, nor participate in any manner in any proceeding that was docketed in the court during the term of service or prior thereto.
(d) Pleadings to Be Signed. Every pleading and other paper of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney’s individual name whose address, telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in subdivision (b). The attorney may be required by the court to give the address of, and to vouch for the attorney’s authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(e) Party Not Represented by Attorney to Sign. A party who is not represented by an attorney shall sign any pleading or other paper and state the party’s address and telephone number, including area code.
(f) Form of Signature of Attorney, or Party, or Other Person.
(1) The signatures required on pleadings and papers by subdivisions (d) and (e) of this rule may be:
(A) original signatures;
(B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents; or
(C) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and papers with that signature format.
(2) An attorney or party who files a document-that does not contain the original signar ture of -that attorney or-party represents that the original physically-signed document mb be transmittedr-te-the clerk-within-ten days from the -date -fhe-documemt is electronically transmitted.An attorney, party, or other person who files a pleading or paper by electronic transmission that does not contain the original signature of that attorney, party, or other person shall file that identical pleading or paper in paper form containing an original signature of that attorney, party, or other person (hereinafter called the follow-up filing) immediately thereafter. The follow-up *506 filing is not required if the Supreme Court of Florida has entered an order directing the clerk of court to discontinue accepting the follow-up filing.
(g) Attorney Not to Be Surety. No attorneys or other officers of court shall enter themselves or be taken as bail or surety in any proceeding in court.
(h) Stipulations. No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or the party’s attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlements or other substantive agreements.
(i) Substitution of Attorneys. Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to appear in the absence of an order. The court may condition substitution upon payment of or security for the substituted attorney’s fee and expenses, or upon such other terms as may be just. The client shall be notified in advance of the proposed substitution and shall consent in writing to the substitution. The written consent shall be filed with the court.
(j) Withdrawal of Attorney. An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
(k) Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear without securing permission of the court. All additional attorneys so appearing shall file a notice of appearance with the court and shall serve a copy of the notice of appearance on all parties in the proceeding.
(Z) Law Student Participation. Eligible law students shall be permitted to participate as provided under the conditions of chapter 11 of the Rules Regulating The Florida Bar as amended from time to time.
(m) Attorney as Agent of Client. In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.
Commentary
1997 Amendment. Originally, the rule provided that the follow-up filing had to occur within ten days. In the 1997 amendment to the rule, that requirement was modified to provide that the follow-up filing must occur “immediately” after a document is electronically filed. The “immediately thereafter” language is consistent with language used in the rules of procedure where, in a somewhat analogous situation, the filing of a document may occur after service. See, e.g., Florida Rule of Civil Procedure 1.080(d)(“All original papers shall be filed with the court either before service or immediately thereafter. ”)(emphasis added). “Immediately thereafter” has been interpreted to mean “filed with reasonable promptness.” • Miami Transit Co. v. Ford, 155 So.2d 360 (Fla.1963). RULE 2.090. ELECTRONIC FILING OF MATTERS IN ALL PROCEEDINGS WITHIN THE STATE COURTS SYSTEM
(a) Definition. “Electronic transmission of documents” means the transmission by electronic signals, to or from a court or clerk of the court, of information which when received can be transformed and stored or reproduced on paper, microfilm, magnetic storage device, optical imaging system, or other electronic record keeping system authorized by the Supreme Court of Florida in a format sufficient to communicate the information on the original document in a readable format.
(b) Application. Any court or clerk of the court may accept the electronic transmis *507 sion of documents for filing after the clerk, together with input from the chief judge of the circuit, has obtained approval of the procedures and program for doing so from the Supreme Court of Florida.
(c)Documents Affected. All documents that are court records (as that term is defined in rule-2.075(a)(-!))- and which are allowed to be-filed wifN-a court or clerk of the court may — be initially filed by electronic transmission-provided-the court or clerk has the ability to accept such documents and the clerk, together with input from the- chief judge of the circuit, -has obtained approval-to do so from the Supreme Court-of Florida-. An original of the electronically filed doeument must-be filed in the court records within 10 days--after the document was electronically transmitted.
(1) All documents that are court records, as defined in rule 2.075(a)(1), may be filed by electronic transmission provided that:
(A)the clerk of court has the ability to accept and retain such documents;
(3B) the clerk of court or the chief judge of the circuit has requested permission to accept documents filed by electronic transmission; and
(C) the Supreme Court of Florida has entered an order granting permission to the clerk of court to accept documents filed by electronic transmission.
Any attorney, party, or other person who files a document by electronic transmission shall, immediately thereafter, file the identical document, in paper form, with an original signature of the attorney, party, or other person if a signature is otherwise required by these rules (hereinafter called the follow-up filing).
(2) The follow-up filing of any document that has previously been filed by electronic transmission may be discontinued if:
(A) after a 90-day period of accepting electronically filed documents, the clerk of court or the chief judge of the circuit certifies to the Supreme Court of Florida that the electronic filing system is efficient, reliable, and meets the demands of all parties;
(B) the clerk of court or the chief judge of the circuit requests permission to discontinue that portion of the rule requiring a follow-up filing of documents in paper form, except as otherwise required by general law, statute, or court rule; and
(C) the Supreme Court of Florida enters an order directing the clerk of court to discontinue accepting the follow-up filing.
(d) Service.
(1) Electronic transmission may be used by a court for the service of all orders of whatever nature provided the clerk, together with input from the chief judge of the circuit, has obtained approval from the Supreme Court of Florida of the specific procedures and program to be used in transmitting the orders. All other requirements for the service of such an order shall be met.
(2) Any document electronically transmitted to a court or clerk of the court shall also be served on all parties and interested persons in accordance with the applicable rules of court.
(e) Transmission Difficulties. Any attorney, party, or other person who elects to file any document by electronic transmission shall be responsible for any delay, disruption, interruption of the electronic signals, and readability of the document, and accepts the full risk that the document may not be properly filed with the clerk as a result.
(f) Administration.
(1) Any clerk of the court who, after obtaining Supreme Court of Florida approval, accepts for filing documents that have been electronically transmitted shall:
(A) provide electronic or telephonic access to its equipment during regular business hours; and
(B) accept electronic transmission of documents up to 10 pages in length.
(2) All attorneys, parties, or other persons using this rule to file documents are required to make arrangements with the court or clerk of the court for the payment of any charges authorized by general law or the Supreme Court of Florida before filing any document by electronic transmission.
*508 (3) The filing date for an electronically transmitted document shall be the date the last page thereof is received by the court or clerk of the court.
(4) Any court or clerk of the court may extend the hours of access or increase the page limitations set forth in this subdivision.
Commentary
1997 Amendment. Originally, the rule provided that the follow-up filing had to occur within ten days. In the 1997 amendment to the rule, that requirement was modified to provide that the follow-up filing must occur “immediately” after a document is electronically filed. The “immediately thereafter” language is consistent with language used in the rules of procedure where, in a somewhat analogous situation, the filing of a document may occur after service. See, e.g., Florida Rule of Civil Procedure 1.080(d)(“AIl original papers shall be filed with the court either before service or immediately thereafter”) (emphasis added). “Immediately thereafter” has been interpreted to mean “filed with reasonable promptness.” Miami Transit Co. v. Ford, 155 So.2d 360 (FIa.1963).