WARNER, J.
The trial court denied a motion for new trial as being untimely. Although appellee concedes that it was served timely, the original was not filed in the court file. Therefore, appellee maintains that the court had discretion to deny it. As there is no showing of prejudice for the failure to file the motion, we hold that the court erred in denying the motion.
Florida Rule of Civil Procedure 1.530(b) provides that motions for new trial and rehearing “shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.” It is only service of the motion, not filing with the court, that must take place within ten days of the filing of the final judgment. See Miami Transit Co. v. Ford, 155 So.2d 360, 362-63 (Fla.1963). The trial court’s final judgment was filed February 4, 2003, as indicated by the clerk’s stamp. Thus, by serving his motion on February 14, 2003, Poulsen satisfied the time requirements of rule 1.530.
The motion for new trial was never filed with the clerk, although appellant’s attorney filed an affidavit stating that he had personally presented it to the court for filing. Florida Rule of Civil Procedure 1.080(d) provides: “All original papers shall be filed with the court either before service or immediately thereafter.” The supreme court recognized in Miami Transit that although service of a motion for new trial is the critical act, the motion “should be filed with reasonable promptness.” 155 So.2d at 363. It reasoned that in situations where “undue delay in filing could result in harm or prejudice to the opposing party ... the trial judge has the power to invoke appropriate penalties even to the extent of refusing to consider the motion.” Id. This idea was reiterated in Behm v. Division of Administration, Department of Transportation, 288 So.2d 476, 479 (Fla. 1974), where the supreme court stated, “when the filing of a properly served motion is late (see Rule 1.080(d), F.R.C.P.) a trial judge may refuse to consider the motion if it has resulted in harm or prejudice to the opposing party. He may also refuse to consider a motion which has not been filed at all.”
Here, there was nothing in the record to show any procedural prejudice or harm to the opposing party. The motion for new trial was served on February 14, 2003. On February 18, 2003, appellee moved to strike the motion because it was untimely. The court denied the motion for new trial approximately six weeks later, citing rule 1.530 as authority. Because we have concluded that the motion was timely under rule 1.530, and there is no showing of any prejudice or harm to appellee in the late filing of the motion, we conclude that the trial court abused its discretion in denying the motion.
We reverse and remand for consideration of the motion for new trial on the merits.
POLEN and KLEIN, JJ., concur.