NESBITT, Judge.
Under the guise of purchasing a used Mercedes Benz from L. P. Evans Motors of West Palm Beach (Evans), two thieves were given a test drive at which time they overpowered the sales representative and stole the vehicle. Later, a third party shipped the same vehicle[1] to Haiti aboard the defendant’s shipping line. Evans, joined by his insurer, commenced the present action on the theory that the defendant’s failure to obtain a certificate of right of possession as required by Section 319.36, Florida Statutes (1979) imposed liability upon the shipping line for the loss of the vehicle. From an adverse summary judgment, the shipping line appeals. We affirm.
Unquestionably, Section 319.36, supra, imposed a duty upon the defendant to obtain a certificate of possession of title. Because we find that the statute was enacted to protect owners of vehicles from the loss of their goods,[2] we hold that it was negligence per se not to abide by the statute. See deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla.1973). We reject the defendant’s argument that its activities were only a remote cause of the plaintiff’s damages. To the contrary, we *780 find that the defendant’s acts directly and in natural and continuous sequence produced the damage incurred by the plaintiff. See Florida Standard Jury Instruction (Civil) 5.1(a). The duty imposed on the defendant by Section 319.36, supra, presupposes a theft of the vehicle prior to its presentment at the shipping line. It cannot be argued then, that that very theft precluded the defendant’s liability.
Consequently, we find that the summary judgment must be affirmed.

. We find that appellant’s contention that there was an issue of fact as to the identity of the vehicle because of an alleged discrepancy in the serial numbers to be without merit.

. The statute as originally enacted by Chapter 70-289, Section 1, Laws of Florida, clearly expressed this result. It provided:
(1) The legislature of Florida hereby finds that larceny of motor vehicles has become a widespread criminal activity in this state, such activity being perpetrated not only by individuals but also by organized groups who consider theft of motor vehicles to be a lucrative everday business. The enforcement of larceny statutes and recovery of stolen motor vehicles has been rendered a monumental task because of the ease with which such vehicles may be shipped out of the state to places where no certificate of title is required for their sale or transfer. The legislature declares that it is in the strong public interest of this state that its police power be exercised in order to protect motor vehicle owners and to aid law enforcement officers by rendering it extremely difficult for a person to transport a stolen motor vehicle out of this state via ship.