461 So.2d 123 (1984)
IVARAN LINES, INC. and Farovi Shipping Corporation, Appellants,
v.
Mauricio WAICMAN and Allstate Insurance Company, Appellees.
Nos. 84-108, 84-269.
District Court of Appeal of Florida, Third District.
October 23, 1984.
Rehearing Denied January 22, 1985.
Richard F. Ralph and Roderick F. Coleman, Miami, for appellants.
Urich & Shenkman and Robert Urich, North Miami, Bierman, Sonnett, Beiley, Shohat & Sale, Miami, for appellees.
Before HUBBART and FERGUSON, JJ., and TILLMAN PEARSON, (Ret.), Associate Judge.
FERGUSON, Judge.
This appeal is taken from a final summary judgment. The question presented is: whether plaintiff is entitled to a summary judgment on a theory of negligence per se in a civil action where defendant is found to have violated a penal statute which is the proximate cause of property loss, but the evidence shows that compliance with the statute was impossible.
*124 The facts are as follows. Mauricio Waicman was the owner of a Rolls Royce automobile which was stolen in June, 1979. In July, 1979, the automobile was shipped out of the United States from Miami, Florida, without Waicman's knowledge or consent, aboard a vessel belonging to Ivaran Lines, Inc. Arrangements for the shipment were made by Farovi Shipping Corporation, a shipping agent for Ivaran Lines, Inc.
Waicman and his insurer, Allstate Insurance Company, brought suit against the shipping company and its shipping agent. The complaint was based on the single theory that defendants violated Section 319.36, Florida Statutes (1979) by shipping the automobile without a certificate of right of possession as required by statute. The statute in question, as it existed in July, 1979, provided:[1]
319.36 Definitions; shipment of motor vehicles; proof of right of possession; penalties. 
* * * * * *
(2) No master or captain of any vessel, captain of any aircraft, or person who owns any vessel or aircraft in whole or in part shall take on board, or allow to be taken on board, said vessel or aircraft at any port in this state any motor vehicle to be transported to any destination outside of the continental United States without:
(a) Having received a right of possession certificate issued by the department in the name of the person offering such motor vehicle for transportation; and
(b) Having examined said motor vehicle and having verified that the description and serial number are identical with the description and serial number shown in said certificate of right of possession.
(3) No person shall transport, or cause to be transported, from any port or airport facility in this state, any motor vehicle, by watercraft or aircraft, outside of the continental United States without first having obtained a certificate of right of possession of such vehicle issued by the department.
(4) Any owner of a motor vehicle may file an application for a certificate of right of possession with the department, upon a form prescribed by the department, which shall be sworn to before a notary public or other officers empowered to administer oaths. Such application shall be accompanied by a fee of $2, together with evidence of the applicant's right of possession of such vehicle satisfactory to the department, which may consist of:
(a) A certificate of title issued in the name of the applicant by this state or a foreign state wherein such vehicle is currently registered; or
(b) A registration certificate issued in the name of the applicant by a foreign state wherein such vehicle is currently registered, which state does not require issuance of a certificate of title.
Upon receipt of such application, the fee prescribed by this section, and said evidence of right of possession, the department shall issue to such applicant a certificate of right of possession. Such certificate shall not be negotiable or transferable.
* * * * * *
(7) The department shall adopt and promulgate such rules and regulations as are deemed necessary to administer the provisions of this section. The department shall provide and furnish all forms required by this section.
Defendants denied a violation of the statute contending that the State of Florida, including the Department of Highway Safety and Motor Vehicles, did not implement or put into effect Section 319.36, Florida Statutes (1979), in that no certificates of right of possession or forms of application therefor were available until a date subsequent to shipment of the subject automobile. They urge here, as the proper *125 rule, that a statute is not operative and enforceable until completion of the administrative tasks authorized and mandated by the statute.
It appeared without controversy that defendants did not comply with the statute. They admittedly were aware of the statute but because they knew that certificates were not being issued, they were not able to comply. It is also uncontroverted that the Department of Highway Safety and Motor Vehicles did not adopt and promulgate rules and regulations necessary to administer the provisions of Section 319.36, Florida Statutes (1979) until November, 1979, and did not provide and furnish all forms required by that statute until December, 1979. The shipment here was made in July, 1979.
Section 319.36 became effective in 1970 and was subsequently amended several times with minor changes.[2] However, the statute, specifically subsections (2), (3), and (4)  which require the owner of a motor vehicle to apply for a certificate of right of possession from the Department of Highway Safety and Motor Vehicles and present the certificate to the carrier, who is prohibited from shipping the vehicle without first obtaining that certificate from the owner  was not operative against carriers and owners until the promulgation in November, 1979 of Chapter 15C-3, Florida Administrative Code (1982), the rules and regulations adopted pursuant to Section 319.36(7), Florida Statutes (1979).
Plaintiffs, appellees, urged that the statute creates a duty to fulfill certain requirements in order to protect a specified class of individuals from a particular type of injury and that a violation of the statute constitutes negligence per se, citing: Sloan v. Coit International, Inc., 292 So.2d 15 (Fla. 1974); DeJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973); Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959); Stephen v. L.P. Evans Motors of West Palm Beach, Inc., 417 So.2d 778 (Fla. 3d DCA 1982); Concord Florida, Inc. v. Lewin, 341 So.2d 242, 246 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 946 (Fla. 1977).
The trial judge agreed, ruling that the administrative failure of the Department of Highway Safety and Motor Vehicles to carry out its implementing duties did not relieve defendants from the duty imposed upon them by statute. On that basis a summary judgment as to liability was entered against each defendant. This appeal followed. For reasons set forth below, we reverse.
Generally, the violation of a duty prescribed by statute is negligence per se but exceptions to this rule have been recognized where compliance with the provisions of the statute is impossible or where noncompliance is excusable. Under such circumstances the violation becomes, in effect, nothing more than prima facie evidence of negligence, subject to being overcome by proof to the contrary with the jury being so instructed. Jenkins v. City of Fort Wayne, 139 Ind. App. 1, 210 N.E.2d 390 (1965); see generally Swoboda v. United States, 662 F.2d 326 (5th Cir.1981), cert. denied, 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982) (a finding of negligence does not terminate the inquiry; a court must then determine whether the violation of the regulation was somehow excusable); Lister v. Campbell, 371 So.2d 133, 135 (Fla. 1st DCA), cert. denied, 378 So.2d 346 (Fla. 1979) (the violation of a statute which imposes upon a person the affirmative duty to take certain action, and provides penalties for the failure to do so, even if negligence per se, may be overcome by proof of other circumstances).
The law does not require the performance of impossibilities as a condition to assertion of acknowledged rights, and if a statute requires performance of something which cannot be performed, the court may hold it inoperative. Gigliotti v. New York, Chicago & St. Louis R. Co., 107 Ohio App. 174, 157 N.E.2d 447, 452 (1958). The Restatement (Second) of Torts § 288A(2) is *126 consistent with the cases previously cited. Section 288A(2) provides that violation of a statute or regulation is excused when:
* * * * * *
(b) [the actor] neither knows nor should know of the occasion for compliance;
(c) he is unable after reasonable diligence or care to comply;
* * * * * *
We hold in accordance with the prevailing law that violation of a statute or regulation, whether deemed prima facie evidence of negligence or negligence per se, is excused where it appears without dispute that compliance with the statute is impossible even in the exercise of reasonable diligence.
Because the complaint was based only on a violation of the statute and there is no claim or showing, aside from the statutory claim, that the defendants failed to exercise ordinary care, there is no need to remand for further proceedings.
Reversed and remanded with instructions to enter judgment for appellants.
TILLMAN PEARSON, Associate Judge, dissenting.
I respectfully dissent. The ordinary rule is clear. Statutory law becomes effective and a part of the law of the state upon its passage by the legislature and its approval by the governor, unless a later date is specified in the legislative act. Art. III, sec. 9, Fla. Const. There is a corollary: the failure to enforce the law does not unmake the law. State v. Egan, 287 So.2d 1, 7 (Fla. 1973) ("a statute is not repealed by nonuse.") Any other rule would allow executive officers to decide what shall be the law. It is evident that the failure to enforce can frustrate the purpose of a law. In the present instance, this unfortunate result seems to have occurred. The statute was enacted and became law in 1970. There can be no adequate explanation of the failure of officers of the state to do their duty until November of 1979. Only an investigative body can adequately fix the responsibility for this nonfeasance.
Impliedly, appellants' answers in the trial court and here seek to plead an impossibility of the performance of their statutory duty. We need not determine the adequacy of a defense of impossibility of performance to a statutory duty because it is not supported by the admitted facts brought forward upon the motion for summary judgment. Defendants knew of the requirements of the statute and made no effort to secure from their shipper a certificate of right of possession. No inquiry was made; no official was petitioned. Appellants' argument that the shipping industry did not obtain certificates of right of possession during the period in which the vehicle in question was shipped is not persuasive. It is well settled that following industry custom cannot defeat a claim of negligence founded upon failure to obey a state statute. See Cooke v. Commercial Bank of Miami, 119 So.2d 732 (Fla. 3d DCA 1960). Appellees' position is strengthened by the practical effect of an industry's failure to make any effort to comply, coupled with an administrative office in no haste to proceed with the legislative directive.[1]
Further, it appears from the facts presented to the trial judge without issue that defendants took no steps to require any form of proof of ownership or the right to export from the person who exported plaintiff's car. These facts support the trial judge's determination that there was not an issue upon either the failure of defendants to comply with the statute or the impossibility of compliance or of a good faith attempt to comply.
The single issue presented in appellants' initial brief is: [That] "Section 319.36 was not implemented and effective as to [these] defendants... ." I find no reversible error *127 under this point and would affirm the judgments.
NOTES
[1] Section 319.36 was enacted as Chapter 70-289, Laws of Florida, and was formerly codified as Section 814.07. It was changed in particulars but remained substantially the same until the date of the instant shipment.
[2] See supra note 1.
[1] One may be permitted to suspect that some action would have been taken by officials if the overseas shipment of automobiles had been stopped until certificates could be routinely procured.