523 So.2d 189 (1988)
Margaret H. OLIVER and Carlton A. Oliver, Her Husband, Appellants,
v.
David S. EISENMAN, Appellee.
No. 87-265.
District Court of Appeal of Florida, First District.
April 12, 1988.
Milton H. Baxley, II, Gainesville, for appellants.
John D. Jopling of Dell, Graham, Wilcox, Barber & Henderson, Gainesville, for appellee.
ZEHMER, Judge.
The Olivers appeal a jury verdict finding defendant David Eisenman not guilty of negligence. We affirm.
On appeal from a judgment entered on a jury verdict the appellate court must consider the testimony and proper inferences therefrom in the light most favorable to the prevailing party. Krasny v. Richter, 211 So.2d 612 (Fla. 3d DCA 1968). Construing the facts in a light most favorable to appellee Eisenman, the record reveals that the automobile accident occurred in the following manner. On November 27, 1985, appellant Margaret Oliver was a pedestrian standing on the sidewalk at the intersection of NW 13th Street and NW 23d Avenue in Gainesville. A vehicle driven by Virginia Lummus was facing west on NW 23d Avenue waiting to make a left turn to proceed southbound on NW 13th Street. A second vehicle being driven by appellee David Eisenman was traveling eastbound on NW 23d Avenue, approaching the intersection of NW 13th Street at a *190 speed of 35-40 miles per hour. Virginia Lummus started to make a left-hand turn at the intersection and collided with Eisenman's vehicle. As a result of the collision, Eisenman's car traveled up onto the sidewalk, striking and injuring Margaret Oliver. Appellants filed suit against Eisenman and Lummus claiming damages for bodily injuries. Appellants subsequently dismissed their claim against Lummus in exchange for a partial settlement in the amount of $19,000. The case against Eisenman was tried before a jury, which returned a verdict in favor of defendant Eisenman and against plaintiffs Margaret and Carlton Oliver.
Appellants raise four issues on appeal, three of which relate to the sufficiency and weight of the evidence in the case. They argue that in order to return a verdict in favor of appellee, the jury had to totally ignore the applicable law of negligence. Appellants contend that Eisenman's admission that he exceeded the lawful speed limit at the time and place of the accident proved a violation of section 316.183(1), pertaining to excessive speed, and that this violation gave rise to a prima facie presumption of negligence in accordance with Standard Jury Instruction 4.11.
Our review of the record reveals that the jury verdict was not contrary to the applicable law or the manifest weight and probative force of the evidence. Florida Standard Jury Instruction (Civil) 4.11 states:
Violation of a traffic regulation prescribed by [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
Thus, violation of a traffic law or regulation is prima facie evidence of negligence that may be overcome by other facts and circumstances in fixing ultimate liability. Allen v. Hooper, 126 Fla. 458, 171 So. 513 (1936); Clark v. Sumner, 72 So.2d 375 (Fla. 1954). See also deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973).
Here, Eisenman admitted that he was exceeding the posted 30 mile per hour speed limit by 5 or 10 miles per hour at the time of the accident. While this was sufficient evidence of negligence to create a jury question, defendant's violation of the traffic regulation was not conclusive proof of negligent causation. The jury was entitled to conclude, based on the other facts and circumstances in the case, that Ms. Lummus was the sole cause of the accident.
Appellants also contend that the trial court erred in giving defendant's requested jury instruction number 9, to the extent of including section 316.087, Florida Statutes, pertaining to limitations on driving left of center of the roadway. While we agree that this instruction was not particularly relevant to the facts of the case, any error in giving the instruction was harmless.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.