SHARP, Chief Judge.
Roberts, individually and as the personal representative of his son’s estate (Stuart Mills Roberts), appeals the lower court’s order denying his motion to assess interest against International Speedway Corporation, pursuant to section 627.4265, Florida *447 Statutes (1987)[1] and common law contract principles. After settlement in the negligence and wrongful death actions, Roberts filed a motion for interest alleging that appellee failed to tender payment of the settlement amount in a timely manner. Roberts argues that an insurance company was the silent and controlling partner to the $165,000 settlement and it was referenced in the release. We do not reach the merits of this case, however, because we find we lack jurisdiction to hear the appeal.
On May 3, 1988 the trial court denied the motion to assess interest with prejudice. Because there remained nothing else to be done in the cause, judicial labor was at an end and the order was a final order. See Gore v. Hansen, 59 So.2d 538 (Fla.1952). Roberts then had ten days to timely serve a motion for rehearing. Fla. R.Civ.P. 1.530(b). Not until May 25, 1988, twenty-two days after the final order was rendered, did Roberts serve a “Motion for Reconsideration and for Entry of Final Judgment.” He alleged that the court misapplied the statute and failed to address his alternate common-law argument supporting the motion. Although the final order did not specifically address the common law argument, the order recites that the court heard argument of counsel and was otherwise fully advised in the premises. It cannot be assumed the trial court did not consider all arguments raised when the trial court ruled on the motion. Cf. R.W. King Construction Company, Inc. v. City of Melbourne, 384 So.2d 654 (Fla. 5th DCA 1980) (appellate court would presume that trial court ruled correctly in allowing fees for both ordinary and extraordinary services in absence of transcript).
Although styled a “Motion for Reconsideration,” the effect of Robert’s motion was to seek rehearing. Because the motion was untimely it did not toll rendition of the final order. Fla.R.App.P. 9.020(g). Thus, the notice of appeal was filed more than 30 days after rendition of the final order. Accordingly, we dismiss this appeal for lack of jurisdiction.
DISMISSED.
DAUKSCH and COWART, JJ., concur.

. Section 627.4265, Florida Statutes (1987) provides:
In any case in which a person and an insurer have agreed in writing to the settlement of a claim, the insurer shall tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. The tender of payment may be conditioned upon execution by such person of a release mutually agreeable to the insurer and the claimant, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement; however, if the tender of payment is conditioned upon the execution of a release, the interest shall not begin to accrue until the executed release is tendered to the insurer.