LEVY, Judge.
Following the prior remand of this case, after an earlier appeal, the appellant herein, who was the plaintiff below, filed its “Second Amended Complaint” alleging facts which it believed constituted the “active participation ... in arranging or procuring the transportation of the vehicles from the Florida port.” Motors Ins. Corp. v. Heavy Lift Services, Inc., 545 So.2d 389, 391 (Fla. 3d DCA 1989). Clearly, appellant has now appropriately alleged the “active participation” necessary to proceed further in its litigation against the appellee.
Heavy Lift also makes the same argument we rejected in the first appeal: That the clause “no person shall transport” found in section 319.36(3), Florida Statutes (1982), finds its “harmonic bases” in section 319.36(2) which targets the “master, captain or owner of a vessel.” The two sections are aimed at different classes of violators. We hold now, as a matter of law, that subsection (3) brings within its broad reach any person who violates, or participates in a violation of section 319.36, in addition to those persons enumerated in subsection (2).
Accordingly, finding that the appellant’s “Second Amended Complaint” states a cause of action, we hold that the trial court was in error when it dismissed the Complaint. Therefore, the dismissal must be *764 reversed, with this cause being remanded to the trial court for further proceedings.
Reversed and remanded.