670 So.2d 1187 (1996)
Erin M. HARRIS, Appellant/Cross-Appellee,
v.
Charles E. HARRIS, Appellee/Cross-Appellant.
No. 95-592.
District Court of Appeal of Florida, Fifth District.
April 4, 1996.
J.C. Murphy of Murphy & Murphy, P.A., Melbourne, for Appellant/Cross-Appellee.
Barbara T. Taylor, Cocoa Beach, for Appellee/Cross-Appellant.
THOMPSON, Judge.
Erin M. Harris ("the former wife") appeals the trial court's order enforcing a final judgment of dissolution and the court's order denying her motion for rehearing. Charlie E. Harris ("the former husband") cross appeals another order of the trial court denying his motion to strike the former wife's motion for rehearing as untimely. He argues that the trial court had no jurisdiction to hear the motion for rehearing because the motion was served later than 10 days after the judgment was filed. He also argues that the time to file a notice of appeal was 30 days from 13 October 1994 and not 30 days from the date the court denied the motion for rehearing. We agree and dismiss the appeal for lack of jurisdiction.
The trial court entered an order enforcing a final judgment of dissolution on 13 October 1994. On 24 October 1994, a Monday, the former wife filed a motion for rehearing pursuant to rule 1.530(b) of the Florida Rules of Civil Procedure. In the motion, the attorney for the former wife certified that she was serving a copy on the former husband's attorney by U.S. mail the same day. The rule provides:
(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action ...
Fla.R.Civ.P. 1.530(b) (emphasis added). The trial court denied the former husband's motion to strike the motion for rehearing finding that the Monday filing was proper since the 10th day fell on Sunday. See Fla. R.Civ.P. 1.090. However, the date of filing is insignificant. Service is the critical act which must be done within 10 days of the filing of *1188 the judgment. Miami Transit Co. v. Ford, 155 So.2d 360 (Fla.1963).
The trial court also found that the service was by delivery and not by mail as certified in the motion. Service would have been timely had the motion been mailed, because service by mail is deemed completed on the date of mailing. Williams v. Express Leasing, Inc., 575 So.2d 768, 769 (Fla. 5th DCA 1991). On the other hand, service by delivery is deemed completed on the date of delivery. See Fla.R.Civ.P. 1.080(b). The trial court conducted a hearing and found the service by delivery was completed on 26 October 1994 and not on 24 October 1994. This was 13 days after the rendition of the judgment. In spite of this finding, the trial court elected to hear the motion on the merits.[1] Because the motion was not timely served, the trial court had no authority to grant the motion for rehearing. See Fla.R.Civ.P. 1.090(b)(2).
In addition, the notice of appeal was filed untimely. Rule 9.110(b), Florida Rules of Appellate Procedure, provides that jurisdiction of the appellate court is invoked by the filing of a notice of appeal with the trial court "within 30 days of rendition of the order to be reviewed." A timely filed and authorized motion for new trial or rehearing stays rendition until the trial court enters a written order disposing of the pending motion. Fla.R.App.P. 9.020(g)(1). An untimely motion for rehearing does not stay the rendition of the judgment. Roberts v. International Speedway Corp., 542 So.2d 446, 447 (Fla. 5th DCA 1989). In this case, assuming without deciding that the former wife's motion for rehearing was authorized, it did not toll the time for appealing the order because it was served by delivery 13 days after the judgment was filed. Accordingly, the former wife's appeal is dismissed as untimely.
APPEAL DISMISSED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] The trial court ruled:

"So my making a finding that it was served on the twenty-sixth and not on the twenty-fourth, I would still deny the Motion to Strike. I'd rather get down to the Motion for Rehearing...."