717 So.2d 1077 (1998)
Lenore MIGLIORE, Appellant,
v.
Paul MIGLIORE, Appellee.
Nos. 97-1521, 97-2880.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
Rehearing Denied October 15, 1998.
*1078 Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellant.
A. Thomas Connick of A. Thomas Connick, P.A., Deerfield Beach, for appellee.
KLEIN, Judge.
What happened in this case is every trial lawyer's nightmare. Although appellant's trial counsel filed a motion for rehearing within ten days of rendition of a final judgment, a dispute arose as to whether he served the motion within ten days. The trial court found after an evidentiary hearing that the motion was not timely served, and because the service date, not the filing date, tolls the time for filing an appeal, this finding results in our having to dismiss the appeal from the final judgment.
The final judgment of dissolution was filed by the clerk on March 19, 1997, and therefore rendered on that date. On March 27, 1997, a Thursday, the wife filed her motion for rehearing, and the certificate of service reflected that it was served both by fax and mail on March 27. On April 7, the trial court entered an order granting rehearing on one issue and set a hearing to consider that issue.
On April 8, the husband served an objection to the motion for rehearing on the ground that it was not timely served within ten days as required by Florida Rule of Civil Procedure 1.530, requesting that the court vacate the order granting rehearing. At an evidentiary hearing on the issue of whether the motion for rehearing was timely served, the wife's counsel testified that he personally filed the motion and served it on March 27, by dropping a copy in a mailbox outside his office. Neither he nor his secretary had any recollection as to whether the motion had also been faxed, nor was there any other evidence reflecting that it had been faxed. The motion was stamped in at the courthouse at 2:53 p.m. on March 27.
Husband's counsel's secretary testified that they did not receive a fax, but that they received a copy of the motion for rehearing in the mail on April 3. The envelope in which husband's counsel received it contains a postmark of April 1997; however, the day is illegible.[1]
Husband also presented the testimony of a post office employee who testified that pickups from the mailbox where this motion was mailed are tracked electronically and the computer printout reflected that the mail was picked up twice each day on Thursday, March 27, and Friday, March 28, and once on Saturday, March 29. After acknowledging at the end of the evidentiary hearing that she found the issue very difficult, the trial court made findings of fact and applied the law to those facts as follows:
A. Gerald Kuchinsky's testimony in this regard is prima facie evidence that the Motion was mailed on March 27, 1997.
B. Prima facie evidence may be overcome by proof to the contrary. See Ivaran Lines, Inc. v. Waicman 461 So.2d 123 *1079 (Fla. 3d D.C.A.1984) and Oliver v. Eisenman 523 So.2d 189 (Fla. 1st D.C.A.1988).
C. Mere evidence that the postmark was after the time for rehearing has expired is insufficient to rebut prima facie proof that service was effectuated on date sworn to by the moving party's counsel. See Nesslein v. Nesslein 672 So.2d 582 (Fla. 3d D.C.A.1996). However, the evidence presented is much more than just the postmark. The certificate of service indicated that the Motion had also been faxed, yet moving party's attorney could not substantiate that statement, which calls into question the certificate; further, both the opposing attorney and his secretary testified positively that they did not receive any fax of the Motion for Rehearing, that the last envelope received from Gerald Kuchinsky's office prior to the one containing the Motion for Rehearing was in January, 1997. They testified that the Motion for Rehearing was received in an envelope, a copy of which was entered as an exhibit, showing an April 1997 postmark, and that that envelope containing the Motion for Rehearing had been received on April 3, 1997. And, very significantly, Mr. James Mulvey from the United States Post Office testified that drop box location identification number XXXXXXXXXX pick ups are subject to electronic pickup recording and that those records indicate that the mail was picked up from March 27, 1997 through April 2, 1997 without any problem, and that envelopes are given the postmark of the day they are picked up, and he identified the electronic pickup information and it was entered as an exhibit. The greater weight and persuasive force of the evidence presented by Paul Migliore is in his favor and against the moving party, which is that the Motion for Rehearing was not mailed on March 27, 1997, but was mailed in April, 1997, and was therefore untimely.
The wife has taken a non-final appeal from this order. We have jurisdiction because it is a non-final order entered after final order, which is appealable under Florida Rule of Appellate Procedure 9.130(a)(4).
Florida Rule of Civil Procedure 1.530 requires that a motion for rehearing be served not later than ten days after the filing of the judgment in a non-jury action, and the service date, not the filing date, is critical for determining whether the motion is timely. Miami Transit Co. v. Ford, 155 So.2d 360 (Fla.1963) and Harris v. Harris, 670 So.2d 1187 (Fla. 5th DCA 1996). If a motion for rehearing is not timely served it does not toll rendition of the judgment for purposes of filing an appeal. Id. at 1188.
The wife's counsel's certificate of service was prima facie proof that the motion for rehearing was served on March 27. See Fla.R.Civ.P. 1.080(f). The wife argues that the husband's evidence was insufficient to rebut this prima facie proof. Her primary argument in that regard is that the trial court erroneously required the husband to show untimeliness of service by the greater weight of the evidence, and that the trial court should have required him to establish untimeliness by clear and convincing evidence. She relies, however, on cases which require clear and convincing evidence to challenge a sheriff's service of process. Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983).
The husband argues that the clear and convincing standard used in service of process cases has not been applied in certificate of service cases, in which the courts have held that the certificate of service creates a rebuttable presumption which may be overcome by competent evidence to the contrary. W.T. Holding, Inc. v. State Agency for Health Care Admin., 682 So.2d 1224 (Fla. 4th DCA 1996); Scutieri v. Miller, 584 So.2d 15 (Fla. 3d DCA 1991); World on Wheels of Miami, Inc. v. International Auto Motors, Inc., 569 So.2d 836 (Fla. 3d DCA 1990).
As we noted in Slomowitz, a process server is "without a motive to misrepresent." 429 So.2d at 799. However, counsel who may have been negligent do not fall in that same category. Wife has not cited any authorities applying the clear and convincing evidence standard in this type of case, and we are not persuaded that it should be adopted.
*1080 It is unfortunate that the wife lost her right to appeal when it is undisputed that her motion for rehearing was filed on the eighth day; however, she is not the first person to have lost the right to appeal based on this technicality nor will she be the last. Because filing governs so many other deadlines in our rules, the fact that service is the critical act in rule 1.530 can cause confusion, and that confusion has found its way into appellate court opinions characterizing rule 1.530 motions as having to be timely "filed."[2]
We assume that the reason Florida uses "service" for post-trial motions, rather than "filing," is because the federal counterpart, on which our rule is based, also used "service" at the time the Florida Rules of Civil Procedure were adopted. We note, however, that in 1995 Federal Rule of Civil Procedure 59 was amended to make filing the critical date, not service, for motions for a new trial and rehearings. The advisory committee notes explain that the change was in order to make the rules consistent, and that "filing is an event that can be determined with certainty from court records."
Returning to the matter at hand, we have no alternative but to affirm, because the trial court's findings are supported by competent substantial evidence. The appeal from the final judgment, which we have consolidated with this appeal, is dismissed.
STONE, C.J., and TAYLOR, J., concur.
NOTES
[1] Because the tenth day after rendition of the judgment, March 29, fell on a Saturday, a motion for rehearing would have been timely if it had been served before the end of Monday, March 31. Rule 1.090(a). The last pickup at this mailbox was 5:30 p.m. on March 31, and if the motion had been placed in that mailbox after the last pickup on March 31, it would have been timely, even though it would have had an April postmark. There was no evidence in this case, however, that it was mailed on March 31.
[2] E.g. Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982); St. Cloud Utils. v. Moore, 410 So.2d 973 n. 3 (Fla. 5th DCA 1982); Nahoom v. Nahoom, 341 So.2d 257 (Fla. 3d DCA 1977) and Bescar Enters., Inc. v. Rotenberger, 221 So.2d 801 (Fla. 4th DCA 1969)(In none of these cases did the use of the word "filing," rather than "service," result in an incorrect disposition. They are only cited to show the confusion engendered by the fact that it is service, not filing, which is the critical date).