766 So.2d 284 (2000)
AMERICARE BIOLOGICALS, INC., and Americare Transtech, Inc., Appellants,
v.
TECHNICAL CHEMICALS & PRODUCTS, INC., a Delaware corporation, Jack L. Aronowitz, Henry B. Schur, Analyte Diagnostics, Inc., A Florida Corporation, John H. Faro, Simplex Medical Systems, Inc., Nicholas G. Levandoski, Joseph D'Angelo, and International Medical Associates, Inc., A Florida Corporation, Appellees.
No. 4D99-1336.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
Miyoshi D. Smith and Erica N. Wright, Miami, for appellants.
John F. Mariani and Nancy E. Guffey-Landers of Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., West Palm Beach, for appellees Simplex Medical Systems, Inc., and Analyte Diagnostics, Inc.
PER CURIAM.
Americare Biologicals, Inc. ("ABI") and Americare Transtech, Inc. ("ATI") sued Simplex Medical Systems ("Simplex") and Analyte Diagnostics, Inc. ("Analyte"), among other defendants, for misappropriation of a trade secret and tortious interference with a business relationship. They sought damages as well as injunctive relief under Chapter 688, Florida Statutes. After the jury returned a verdict finding that Simplex and Analyte misappropriated the trade secret, ABI and ATI moved the trial court for injunctive relief. The court denied the motion and entered the final judgment for damages. ABI and ATI then filed a motion for rehearing directed at that portion of the final judgment, which failed to include the injunctive relief. The court denied the motion for rehearing. They now appeal from the denial of injunctive relief.
Our review of the record shows that appellants' motion for rehearing was untimely. The motion was directed at that portion of the case that was tried non-jury, whether or not to grant injunctive relief. Therefore, the motion had to be "served" within ten days after the filing of the judgment. See Fla. R. Civ. P. 1.530(b) ("A motion ... for rehearing shall be served not later than 10 days after ... the date of filing of the judgment in a non-jury action"); Dominguez v. Barakat, 609 So.2d 664 (Fla. 3d DCA 1992). Although it was entered on January 25, 1999, the final judgment was actually filed with the clerk on January 26, 1999 at 3:44 p.m. Applying Florida Rule of Civil Procedure 1.090(a) regarding the computation of time, ABI and ATI had until Monday, February 8, 1999 to serve the motion for rehearing. The service on Tuesday, February 9, 1999 was, therefore, untimely and did not toll the time for filing the notice of appeal. *285 See Fla. R.App. P. 9.020(i). Accordingly, we dismiss their appeal as untimely.[1]
DISMISSED.
DELL, POLEN, and GROSS, JJ., concur.
NOTES
[1] In dismissing their appeal, we reject their argument that the motion for rehearing should be deemed a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b)(2). Our review of the record shows that the motion did not allege, as a basis for the relief requested, the existence of newly discovered evidence. Even if it did, the motion still would not have tolled the time for filing an appeal from the final judgment on the grounds as argued in appellants' brief. As stated in Herskowitz v. Herskowitz, 513 So.2d 1318 (Fla. 3d DCA 1987), review denied, 525 So.2d 878 (Fla.1988):

[T]he law is well settled that a trial court is restricted in vacating a final judgment under Fla.R.Civ.P. 1.540 to the narrow grounds stated therein, and is not empowered to revisit a final judgment on the merits so as to correct errors of law as the trial court may do on a motion for rehearing under Fla.R.Civ.P. 1.530.
Id. at 1319.