804 So.2d 486 (2001)
John L. SCOTT, Appellant,
v.
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILIES; Board of County Commissioners, Suwannee County, Florida; State of Florida, Appellees.
No. 1D01-3389.
District Court of Appeal of Florida, First District.
December 7, 2001.
Rehearing Denied January 22, 2002.
Appellant, pro se.
John Slye, General Counsel, Tallahassee, and Janice F. Bessinger, Lake City, for appellee State of Florida, Department of Children and Families; Hal A. Airth, Live Oak, for appellee Board of County Commissioners, Suwannee County, Florida; Robert A. Butterworth, Attorney General, Tallahassee, for appellee State of Florida.
PER CURIAM.
Having considered appellant's response to this Court's order of October 3, 2001, the appeal is hereby dismissed as untimely. The appellant failed to carry his burden to show that the appeal was timely filed or that rendition of the order below had been delayed by an authorized and timely motion.
An authorized and timely motion for rehearing will toll the time to file a notice of appeal until disposition on the motion. See Fla. R.App. P. 9.020(h). However, for such a motion to be timely, it must be served no later than 10 days after the return of the verdict or filing of the judgment. See Fla. R. Civ. P. 1.530(b); Migliore v. Migliore, 717 So.2d 1077 (Fla. 4th DCA 1998). Therefore, it is the date on which the motion for rehearing was served, and not its filing date, that determines whether it is timely, thus delaying rendition and tolling the time for filing an appeal. In this regard, "timely filing is of no moment, timely service is everything." Pennington v. Waldheim, 669 So.2d 1158, 1160 (Fla. 5th DCA 1996)(emphasis in original). The time to file an appeal expired 30 days after rendition of the order to be reviewed. Because the appellant has failed to show that rendition of the trial court's order was delayed by a timely motion for rehearing, his notice of appeal was not timely filed.
DISMISSED.
ERVIN, BARFIELD, and BENTON, JJ., CONCUR.