845 So.2d 1012 (2003)
Paul JONES, Appellant,
v.
Julia Marie JONES, Appellee.
No. 5D02-838.
District Court of Appeal of Florida, Fifth District.
May 23, 2003.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
N. Lee Sasser, Jr. of Sasser & Weber, P.A., Orlando, for Appellee.
THOMPSON, C.J.
Paul F. Jones ("former husband") appeals the final judgment of dissolution of marriage. We are without jurisdiction and dismiss the appeal.
Through an apparent oversight, the final judgment was not served on the former husband. The former husband somehow learned of the final judgment and served a motion for rehearing. The motion was three days late under rule 1.530(b), Florida Rules of Civil Procedure, which requires that motions for a new trial in a non-jury action be served within ten days of the filing of the judgment.[1] The trial court *1013 denied the motion for rehearing, but stated in its order:
IT IS FURTHER ORDERED AND ADJUDGED that a copy [of the final judgment] was not sent to Mr. Jones and that the times to file motions and appeals are extended to reflect this....
The former husband filed his notice of appeal more than 30 days after the judgment was filed. A notice of appeal must be filed within 30 days of rendition of the order to be reviewed. Fla. R.App. P. 9.100(b).[2] A motion for rehearing delays rendition of a final order, see Rule 9.020(h), Florida Rules of Appellate Procedure,[3] but only if the motion is timely, see, e.g., Scott v. State, Dept. of Children and Families, 804 So.2d 486 (Fla. 1st DCA 2001). The fact that the former husband did not receive immediate notice of the rendition of the final judgment does not extend the time to file the notice of appeal. See Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983). Furthermore, jurisdictional time limits may not be altered by the actions or inactions of the parties or the trial court. State v. Wagner, 825 So.2d 453 (Fla. 5th DCA 2002). The trial court was without authority to extend the time to file a motion for rehearing or to file the notice of appeal. See id.; Fla. R. Civ. P. 1.090(b).[4] Because the notice of appeal was filed more than 30 days after the judgment was filed, because the untimely motion for rehearing did not delay rendition, and because the trial court had no *1014 authority to extend the filing time, the appeal is dismissed.
DISMISSED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.530(b) reads:

(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of the filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
[2] Florida Rule of Appellate Procedure 9.110(b) states:

(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing 2 copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
[3] Rule 9.020 provides in part:

(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for clarification, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491, the following exceptions apply: (1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
[4] This rule provides:

(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.