THOMPSON, J.
John and Kimberly Martini challenge the trial court’s dismissal with prejudice of their amended complaint, which alleged breach of a duty to disclose defects in the home they purchased from Daniel D. and Sally Sue Young and asserted claims for rescission, breach of contract, misrepresentation, and fraud. We lack jurisdiction and dismiss the appeal because the notice of appeal was untimely filed.
On 14 February 2003, the trial court entered an order, amended on 21 February 2003, dismissing the four causes of action in the amended complaint with prejudice. Defendant Toni L. Pastermack, P.A., the attorney who represented the Youngs, filed and served a motion to amend the final order to conform to the court’s oral pronouncement. On 22 April 2003, the Martinis served a motion for reconsideration on the parties which was not filed with the clerk of the court until 12 May 2003. On 28 May 2003, the trial court entered its final order on motions to dismiss and order denying the Martinis’ motion for reconsideration. The Martinis filed a notice of appeal on 29 May 2003, appealing the 28 May order.
The issue here is when the notice of appeal should have been filed. Florida Rule of Appellate Procedure 9.020(h) suspends rendition of a final order that is the subject of an authorized and timely motion for rehearing until the filing of a signed, written order disposing of all such motions. A notice of appeal filed within thirty days of such an order denying rehearing vests this court with jurisdiction. In this case, however, the Martinis’ filed an untimely motion for reconsideration that did not toll the time for appealing the trial court’s order; thus, their filing of a notice of appeal more than thirty days after the rendition of the order to be reviewed is fatal to their right to appeal. See Fla.R.App. P. 9.110(b); Jones v. Jones, 845 So.2d 1012, 1013 (Fla. 5th DCA 2003); Harris v. Harris, 670 So.2d 1187, 1188 (Fla. 5th DCA 1996); Dominguez v. Barakat, 609 So.2d 664, 664-65 (Fla. 3d DCA 1992).
The final order was entered 14 February 2003. For this reason, the appeal filed 28 May 2003, only after the untimely mo *649 tion for rehearing had been denied 12 May 2003, was taken more than thirty days after the unsuspended rendition of the final judgment. The appeal is therefore dismissed.
DISMISSED.
GRIFFIN, J., concurs and concurs specially, with opinion.
SHARP, W., J., dissents, with opinion.