LAWSON, J.
 

 John C. Dann, the former husband, appeals a final judgment of dissolution contending that the trial court abused its discretion in its equitable distribution scheme and in imputing income to him for purposes of child support. Finding that we lack jurisdiction, we dismiss the appeal.
 

 The final judgment was rendered and filed on August 20, 2008. The former husband served an untimely motion for rehearing of the final judgment fifteen (15) days after the final judgment was filed. Filing one of the motions listed in Florida Rule of Appellate Procedure 9.020(h), including a motion for rehearing, will suspend rendition of the final order only if the motion is timely under the rules applicable to the proceeding in the lower tribunal. Florida Family Law Rules of Procedure provide that motions for rehearing are governed by the general rules of procedure. Fla. Fam. L.R.P. 12.530 referring to Fla. R. Civ. P. 1.530. Florida Rule of Civil Procedure 1.530(b) provides that “[a] motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.” In sum, a motion for rehearing served in a civil ease more than ten (10) days from the entry of judgment is insufficient to extend the date of rendition of judgment.
 
 E.g., American Biologicals, Inc. v. Technical Chem. & Prod., Inc.,
 
 766 So.2d 284 (Fla. 4th DCA 2000) (holding a motion for rehearing did not toll the running of the appeal time because it was not served as required by rule 1.530(b) within ten days of filing the judgment);
 
 Migliore v. Migliore,
 
 717 So.2d 1077 (Fla. 4th DCA 1998) (holding that a motion for rehearing
 
 *792
 
 must be served within ten days and that it is not timely merely because it was filed within ten days);
 
 Audi v. Fed’l Nat’l Mortg. Assn.,
 
 685 So.2d 102 (Fla. 4th DCA 1997) (holding a motion for rehearing served fifteen days after the judgment is untimely);
 
 see generally
 
 Philip J. Padova-no,
 
 Florida Appellate Practice
 
 § 2.4 (2007-08 ed.) (“If the untimely rehearing motion is denied by the lower court after the expiration of the original thirty-day time period to appeal the judgment, the right of appeal will be foreclosed.”).
 

 In this case, the former husband had ample opportunity to file a timely notice of appeal despite his untimely motion for rehearing. Specifically, the untimeliness of the former husband’s rehearing motion was highlighted in the former wife’s counsel’s September 5, 2008 memorandum of law in opposition to the former husband’s motion for rehearing, and then again when the trial court entered an order denying the former husband’s motion for rehearing on September 18, 2008 — two days prior to expiration of the thirty-day time period to appeal the final judgment. In that order, the trial court expressly found that the former husband’s motion for rehearing was served on the former wife more than ten (10) days after the date of filing of the judgment as required by Florida Rule of Civil Procedure 1.530(b). Inexplicably, however, the former husband was again untimely as he did not file a notice of appeal until October 20, 2008.
 

 Accordingly, we dismiss the appeal for lack of jurisdiction.
 

 DISMISSED.
 

 ORFINGER and EVANDER, JJ., concur.