DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN CHAMBLEE,**
Appellant,

v.

**MICHAEL FIGUEROA** o/b/o A.A.F.,
Appellee.

No. 4D20-83

[October 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael G. Kaplan, Judge; L.T. Case No. DVCE19007200.

Michael A. Dye of The Law Offices of Michael A. Dye, PA, Fort Lauderdale, for appellant.

Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

In this appeal from a final judgment for protection against stalking violence, appellant failed to serve his pro se motion for rehearing in accordance with the applicable provisions of rule 2.516 of the Florida Rules of Judicial Administration ("Fla. R. Jud. Admin."). As a result, the motion did not toll rendition of the judgment such that the subsequently filed notice of appeal timely invoked this court's jurisdiction to review the judgment. We therefore dismiss this appeal for lack of jurisdiction.

After entry of the judgment, appellant filed a pro se motion for rehearing pursuant to rules 12.530 and 12.540 of the Florida Family Law Rules of Procedure ("Fla. Fam. L. R. P."). The motion contained no certificate of service indicating that it was served in any way on the appellee or his counsel. Appellant certified in his pro se motion only that the document was "filed" via "hand delivery" to the trial court clerk on December 5, 2019, which was the fifteenth day after entry of the judgment. Appellant ultimately filed his notice of appeal more than thirty days from the date of entry of the judgment, but within thirty days of the date of entry of the

trial court's order denying the pro se post-judgment motion. *See* Fla. R. App. P. 9.110(b) (appeals from final orders in civil cases are commenced by the filing of a notice of appeal "with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed"); *see also* Fla. R. App. P. 9.130(a)(4) ("[o]rders disposing of motions . . . that suspend rendition are not reviewable separately from a review of the final order").

We note at the outset that appellant challenges in this appeal only the final judgment against stalking violence entered against him. He raises no issues on appeal that could be construed as challenging the trial court's denial of his pro se post-judgment motion to the extent that motion purported to seek relief from the judgment pursuant to Fla. Fam. L. R. P. 12.540. *Cf.* Fla. R. App. P. 9.130(a)(5) (orders entered on "authorized and timely motion[s] for relief from judgment" are reviewed in accordance with the rule governing non-final appeals). In addition, appellant's pro se post-judgment motion, to the extent it sought relief from the judgment pursuant to Fla. Fam. L. R. P. 12.540, did not "suspend" operation of the judgment or affect its "finality" for purposes of appellate review. *See* Fla. Fam. L. R. P. 12.540(b); *see also* Fla. R. App. P. 9.020(h)(1)(A)-(J) (orders on motions for relief from judgment not listed among orders that "toll rendition").

Only a timely filed motion for rehearing in this case would have tolled or suspended rendition of the final judgment against stalking violence, for purposes of the thirty-day time limit for initiating appellate review from the judgment, until a signed, written order on the motion was filed with the trial court clerk. Fla. R. App. P. 9.020(h)(1)(B), (2)(A). However, in a family law proceeding such as this one, "[a] motion for new trial or for rehearing must be *served* not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action." Fla. Fam. L. R. P. 12.530(b) (emphasis added); *see also* Fla. Fam. L. R. P. 12.010(a)(1) (family law rules apply to proceedings on petitions for injunctions for protection against stalking violence). "If a motion for rehearing is not timely *served* it does not toll rendition of the judgment for purposes of filing an appeal." *Migliore v. Migliore*, 717 So. 2d 1077, 1079 (Fla. 4th DCA 1998) (citation omitted) (emphasis added) (construing Fla. R. Civ. P. 1.530, upon which Fla. Fam. L. R. P. 12.530 is based); *see also Dann v. Dann*, 24 So. 3d 791, 791 (Fla. 5th DCA 2009) (dismissing family law appeal as untimely filed on grounds that motion for rehearing, not timely served in accordance with Fla. Fam. L. R. P. 12.530, did not suspend rendition of the judgment).

In his response to the order directing him to show cause why we should not dismiss the appeal as having been untimely filed, appellant asks that we presume timely service of his pro se motion for rehearing simply from

the timely in-person filing of the motion with the trial court clerk, and consequent uploading of the document by the clerk into Florida's e-filing portal, on the last day for service of the motion. However, we cannot presume timely service from these facts because appellant also concedes in his response that he never registered as a self-represented litigant on the portal.

Service of appellant's pro se motion for rehearing was required to be in accordance with Fla. R. Jud. Admin. 2.516. *See* Fla. Fam. L. R. P. 12.080(a)(1) (adopting provisions of Fla. R. Jud. Admin. 2.516 for "[s]ervice of pleadings and documents after commencement [in] all family law actions, except proceedings for injunctions for protection against . . . stalking"); Fla. Fam. L. R. P. 12.080(a)(2) (service in "proceedings for injunctions against . . . stalking" is governed by Fla. Fam. L. R. P. 12.610, "where it is in conflict with this rule"); Fla. Fam. L. R. P. 12.610(b)(2)(C) ("Service of pleadings in cases of domestic, repeat, dating, or sexual violence, or stalking other than petitions, supplemental petitions, and orders granting injunctions *shall be governed by rule 12.080*, except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pendency of the proceedings." (emphasis added)).

Fla. R. Jud. Admin. 2.516 states, in relevant part, that "[i]f a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on *and by that party* must be by the means provided in subdivision (b)(2)." Fla. R. Jud. Admin. 2.516(b)(1)(C) (emphasis added). Subdivision (b)(2) of the rule states:

> Service on *and by* all parties *who are not represented by an attorney* and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by noting the non-service in the certificate of service, and stating in the certificate of service that a copy of the served document may be obtained, on request, from the clerk of the court or from the party serving the document.

Fla. R. Jud. Admin. 2.516(b)(2) (emphasis added). This subdivision then provides that "[s]ervice by mail is complete upon mailing," *id.*, and delineates all the alternative ways in which "[d]elivery of a copy within this rule is complete[,]" *id.*, none of which are by way of any automatic email service on a party or that party's counsel achieved by a trial court clerk uploading a filed document into the e-filing portal. *See* Fla. R. Jud. Admin.

3

2.516(b)(2)(A)–(E); *see also Korman v. Stern*, 294 So. 3d 918, 921 (Fla. 4th DCA 2020) (an unrepresented party, who has not designated an email address for service, must effectuate service in accordance with the methods set forth in Fla. R. Jud. Admin. 2.516(b)(2)); *Leila Corp. of St. Pete v. Ossi*, 144 So. 3d 644, 648 (Fla. 2d DCA 2014) (the methods of service set forth in Fla. R. Jud. Admin. 2.516(b)(2) are exclusive when applicable).

Given the concession made by appellant in his response to our show cause order, we must dismiss this appeal as having been untimely filed. Appellant's pro se motion for rehearing was never served, much less timely served, on appellee or appellee's counsel in accordance with any of the methods set forth in Fla. R. Jud. Admin. 2.516(b)(2), such that the motion tolled or suspended rendition of the judgment for purposes of the time for invoking this court's jurisdiction to review the judgment. As a result, dismissal of this appeal on the court's own motion is appropriate. *See, e.g., Polk Cnty. v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997) ("[I]f want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order."); *Ruffin v. Kingswood E. Condo. Ass'n*, 719 So. 2d 951, 952 (Fla. 4th DCA 1998) ("It is well settled that lack of subject matter jurisdiction may be raised sua sponte by an appellate court."); *Klingensmith v. Ferd & Gladys Alpert Jewish Fam.*, 997 So. 2d 436, 436 (Fla. 4th DCA 2008) ("We do not reach the merits of the appeal because we have no jurisdiction.").

*Dismissed.*

FORST, KLINGENSMITH and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4